Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
In re:

   Produce Depot USA LLC,

               Debtor.
-------------------------------------------------------X

Case No: 1-22-40412-ess
Chapter 11

**APPLICATION**
This application, filed by the Debtor,
seeking to retain counsel for the Debtor.

**TO THE HONORABLE ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE:**

      Produce Depot USA LLC, Debtor in Possession, (sometimes referred to as the "Debtor"), represents:

1. Debtor requests that this Court enter an order pursuant to 11 U.S.C. § 327, authorizing the Debtor to retain the Law Offices of Alla Kachan, P.C. (hereinafter, "Kachan Law Office"), as its attorneys in this case (the "Motion").

## BACKGROUND

2. Debtor commenced this bankruptcy case with the filing of a voluntary petition under Chapter 11 on March 2, 2022, See ECF Doc. No. 1.

3. Debtor has continued in the possession of its property as debtor in possession, pursuant to 11 U.S.C. §§1108 and 1109.

4. No committee of unsecured creditors has been appointed in this case.

5. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1334 and 157.

6. This matter is a "core proceeding" as that term is defined by 28 U.S.C. §157.

7. This district is the appropriate district to consider this Motion, pursuant to 28 U.S.C. § 1408.

## RETAINING THE KACHAN LAW OFFICE

8. Debtor desires to retain the Kachan Law Office with offices at 2799 Coney Island Avenue, Suite 202, Brooklyn, New York 11235 as its attorney.

9. Debtor believes that the Kachan Law Office is well versed in the law on the matters on which it is to be retained and is qualified to perform the services needed by the Debtor in this case.

10. After conferring with the Kachan Law Office, Debtor believes that the Kachan Law Office does not hold or represent an adverse interest to the estate, and is a disinterested person.

## SERVICES TO BE RENDERED

11. Debtor believes it is necessary to retain the Kachan Law Office to render the following services:

A) to assist Debtor in administering this case;

B) making such motions or taking such action as may be appropriate or necessary under the Bankruptcy Code;

C) to represent Debtor in prosecuting adversary proceedings to collect assets of the estate and such other actions as Debtor deem appropriate;

D) to take such steps as may be necessary for Debtor to marshal and protect the estate's assets;

E) to negotiate with Debtor's creditors in formulating a plan of reorganization for Debtor in this case.

F) to draft and prosecute the confirmation of Debtor's plan of reorganization in this case;

G) to render such additional services as Debtor may require in this case.

## TERMS OF RETENTION

12. Debtor and the Kachan Law Office agreed to the following terms for the Kachan Law Office's compensation.

13. The Kachan Law Office shall bill the Debtor for legal services at its regular hourly rates.

14. These fees range from $250.00 per hour for clerks' and paraprofessionals' time, and $475.00 per hour for attorney time.

15. These fees are subject to change on an annual basis, and the Kachan Law Office will advise the OUST and the Court of such changes.

16. The Kachan Law Office shall also be reimbursed for its disbursements incidental to its representing the Debtor in this case.

17. Luis Ruelas paid the Kachan Law Office an initial retainer of $20,000.00. The retainer was paid in the following manner: a sum of $20,000.00 was received by wire transfer from the Debtor on February 24, 2022, out of Luis Ruelas's funds and from Luis Ruelas's bank account. The Kachan Law Office has drawn down for pre-Filing Date services $5,000.00 and $15,000.00 was left on the petition date. An additional application for post-petition services will made at a future time, before the additional retainer is drawn upon.

18. The Kachan Law Office has drawn down and applied the Retainer on account of the initial work done and to be done in connection with this case.

19. In the future, the Kachan Law Office shall make applications for the payment and allowance of fees and disbursements, pursuant to 11 U.S.C. §§ 330 and 331 and Fed. R. Bankr. P. 2016.

20. No prior application has been made for the relief sought herein.

**WHEREFORE**, it is respectfully requested that an order be entered authorizing the retention of the Law Offices of Alla Kachan, P.C. as the Debtor's attorneys herein, pursuant to the terms stated herein, together with such other and further relief as this Court deems proper.

Dated: Brooklyn, New York
May 25, 2022

                                              */s/ Gaetano M Balzano*
                                              Gaetano M Balzano
                                              Principal of Produce Depot USA LLC

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
In re:

                                                                     Case No: 1-22-40412-ess

  Produce Depot USA LLC,                    Chapter 11
                   Debtor.
-------------------------------------------------------X

**DECLARATION OF PROPOSED ATTORNEY AND DISCLOSURE STATEMENT IN SUPPORT OF APPLICATION FOR RETENTION OF THE LAW OFFICES OF ALLA KACHAN, P.C. AS ATTORNEYS FOR THE DEBTOR**

      Alla Kachan, Esq., declares:

      1.      I have personal knowledge of the facts stated herein.

      2.      I am an attorney admitted to practice law in the State of New York and before this Court.

      3.      I am a member of the law firm of the Law Offices of Alla Kachan, P.C. (sometimes referred to as "Kachan Law Offices").

      4.      Neither I, the Kachan Law Offices, nor any member or associate of the Kachan Law Offices (insofar as I have been able to ascertain after review of this office's files and contacts via its case management system), have any connection with the Debtor, the Debtor's creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee; except that:

      a.) Through other, unrelated cases, Alla Kachan, Esq., of Law Offices of Alla Kachan, P.C., knows the United States Trustee and members of his staff; Law Offices of Alla Kachan, P.C. may appear in the future in cases in which one or more of said parties or their attorneys may be involved; I and the Law Office of Alla Kachan currently represent Gaetano M Balzano in Ch 11 Bankruptcy case No.: 22-11703-VFP, which is pending in the Bankruptcy Court District of New Jersey. Gaetano M Balzano is an officer and shareholder of Produce Depot USA LLC. Both Gaetano M Balzano and the Debtor, share a financial liability to a mutual creditor Queen Funding LLC dba Spartan Funding, which started legal proceedings against both Gaetano M Balzano and the Debtor, pre-petition. The Civil case is currently pending

in a Supreme Court of the State of New York County of Nassau. Gaetano M Balzano is a personal guarantor under a written contract dated December 9, 2020, whereby the Debtor sold to Spartan Funding accounts, contract rights and other obligations of the Debtor arising from or relating to the payment of monies from the Debtor's customers and other third party payors. Due to mismanagement and misrepresentations by a shareholder of Produce Depot USA LLC, Mike Felix, Produce Depo became unable to make payments on said contract, as well as their other financial obligations. Further, both Gaetano M Balzano and the Debtor share a financial liability to a mutual creditor, Chrome Capital Funding Group, which started a legal proceeding against the Debtor. The Civil case was pending and is currently stayed in Supreme Court of the State of New York, County of Bronx. Further, Gaetano M Balzano is a personal guarantor under a Future receivables sale and purchase agreement between Chrome Capital Funding Group and the Debtor dated January 28, 2021. Additionally, on January 28, 2021 Gaetano M Balzano signed an Affidavit of Confession of Judgement. We believe that the interests of both Gaetano M Balzano and Produce Depot USA LLC, are aligned and not adverse to one another in any way, and thus the simultaneous representation of Gaetano M Balzano and Produce Depot USA LLC does not in any way create a conflict or prejudice any party in interest, but rather affords both Debtors the opportunity to reach a global resolution of the joint and several liabilities thereof.

b.) through other, unrelated cases, I know the United States Trustee and members of his staff;

c.) the Kachan Law Office may appear in the future in cases in which one or more of said parties or their attorneys may be involved; and

5. None of these factors will diminish the quality of services that the Kachan Law Offices proposes to render for the Debtor herein or is in conflict with such proposed services.

6. Neither I, the Kachan Law Offices, nor any member, counsel or associate of the Kachan Law Offices, insofar as I have been able to ascertain, represents interests adverse to the Debtor or their estate in the matters upon which the Kachan Law Offices is to be engaged.

7. Luis Ruelas paid the Kachan Law Office an initial retainer of $20,000.00. The retainer was paid in the following manner: a sum of $20,000.00 was received by wire transfer from the Debtor on February 24, 2022, out of Luis Ruelas's funds and from Luis Ruelas's bank account. The Kachan Law Office has drawn down for pre-Filing Date services $5,000.00 and $15,000.00 was left on the petition date. An additional application for post-petition services will made at a future time, before the additional retainer is drawn upon.

8. No promises have been made to the Kachan Law offices as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code and as stated in the Debtor's Motion.

9. The Kachan Law Offices has no agreement with any other entity to share with such entity any compensation received by the Kachan Law Offices except as part of the compensation packages of the firm's professional employees and counsel for services actually rendered.

10. I am unaware of other facts which otherwise create non-disinterestedness, actual conflict, or impermissible potential for a conflict of interest. Additionally, Law Offices of Alla Kachan, P.C. utilizes computer software, which is part of calendaring system, that automatically performs an extensive internal conflicts check with respect to each new client. It too did not raise any conflict with respect to The Kachan Law Offices representation of the Debtor.

11. Based on the foregoing, the Law Offices of Alla Kachan, P.C. is a "disinterested person" as that term is defined in Bankruptcy Code § 101(14).

12. I declare the foregoing statements of fact to be true and correct under penalties of perjury, pursuant to 28 U.S.C. § 1746.

Dated: Brooklyn, New York
May 25, 2022

*/s/ Alla Kachan*
Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                          Case No: 1-22-40412-ess
                                                Chapter 11
Produce Depot USA LLC,
                    Debtor.
---------------------------------------------------------------X

## AFFIDAVIT RELATING TO PAYMENT OF
## THIRD-PARTY RETAINER

STATE OF NEW YORK )
                              ) ss.:
COUNTY OF KINGS   )

I, Luis Ruelas, being duly sworn, depose and say:

1. I submit this Affidavit in support of the application filed by the Debtor relating to the retention of Law Offices of Alla Kachan, P.C. ("Kachan Law Office") as attorney for the Debtor in this bankruptcy case.

2. As disclosed in the Declaration of Alla Kachan, Esq., filed in support of the Kachan Law Office's retention, on February 24, 2022, I paid Kachan Law Office a $20,000.00 retainer in connection with this matter out of my personal funds and from my personal bank account. Any additional compensation to be paid to Kachan Law Office will be similarly paid by me personally, out of my personal funds and that I shall have no claim against the Debtor's estate with respect to repayment of such retainer.

3. This shall confirm, that Kachan Law Office owes a duty of undivided loyalty to the Debtor only. I have been advised by Kachan Law Office that if a conflict of interest should

arise, that Kachan Law Office will notify both the Court and me, and that in such circumstances I should consult with independent legal counsel in connection with this matter. Kachan Law Office has advised me that they will not represent me in a personal capacity with respect to any potential claims that I may have against the Debtor, and that I may wish to seek the advice of separate counsel with respect to the same.

4. Although I have been advised by Kachan Law Office to consult with my own counsel, I have not retained independent legal counsel on my behalf regarding the payment of the aforementioned Retainer to Kachan Law Office

5. Further, I do not have any intention of asserting a claim against the estate of the Debtor for funds advanced for legal fees in this case or any future fees to be paid to the Kachan Law Office.

6. Based upon the foregoing, it is my belief that I do not have any adverse interest against the estate of the Debtor herein, or with any creditor or any other party in interest.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 5/17/2022
_____, 2022

_____
Luis Ruelas

Duly sworn to before me this

17th day of MAY, 2022

_____
(Notary Public)

TIMOTHY J. FIERST
Notary Public, State of New York
No. 02FI4978999
Qualified in Nassau County
Commission Expires February 27, 2019
7/17/2023

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
In re:

   Produce Depot USA LLC,

                   Debtor.

Case No: 1-22-40412-ess
Chapter 11

-------------------------------------------------------X

## ORDER GRANTING THE DEBTOR'S MOTION TO RETAIN THE LAW OFFICES OF ALLA KACHAN, P.C. AS COUNSEL TO THE DEBTOR

Upon the annexed motion of the above-named Debtor and Debtor in possession, (sometimes referred to as the "Debtor") (the "Motion"), the declaration of Alla Kachan, Esq., dated May 25, 2022 (the "Kachan Declaration"), the Affidavit of Luis Ruelas dated May 17, 2022 relating to payment of third-party retainer, the "no-objection" of the Office of the United States Trustee; and it appearing that the employment of the firm of the Law Offices of Alla Kachan, P.C. ("Kachan Law Offices"), as attorneys for the Debtor is in the best interests of the Debtor's estate; and it appearing that no further notice is required, and no adverse interest being represented; and sufficient cause appearing therefor, it is

**ORDERED**, that pursuant to section 327(a) and Bankruptcy Rule 2014, the Debtor be and hereby is authorized to employ the Kachan Law Offices as their attorneys in this case, to render the services stated in the accompanying Motion and Kachan Declaration effective February 15, 2022; and it is further

**ORDERED**, that, pursuant to 327(a) compensation and reimbursement of expenses paid to the Kachan Law Offices, including any post-petition draw down of the pre-petition retainer, shall only be upon application to the Court notice and hearing, pursuant to 11 U.S.C.

§ 330 and 331, the Bankruptcy Rules 2014 and 2016, E.D.N.Y.L.B.R. 2014-1, the Amended Guidelines for Fees and Disbursements for Professionals in the Eastern District of New York, and the United States Trustee Fee Guidelines; and it is further

**ORDERED**, that ten business days' notice must be provided by Kachan Law Offices to the Debtor, the Official Committee of Unsecured Creditors and the United States Trustee prior to any increases in Kachan Law Office's rates for any individual providing services to the Debtor, and such notice must be filed with the Court.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.