Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
In re:

   Produce Depot USA LLC,

                 Debtor.
-------------------------------------------------------X

Case No: <u>1-22-40412-ess</u>
Chapter 11

**NOTICE OF A MOTION FOR AN ORDER**
**APPROVING STIPULATION RESOLVING PACA TRUST CLAIMS OF**
**PROMETO PRODUCE CORP. AND C.H. ROBINSON WORLDWIDE, INC.**
<u>**PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY**</u>

     **PLEASE TAKE NOTICE** that a hearing on the annexed Motion, dated May 24, 2022 (the "Motion"), Produce Depot USA LLC, Debtor and Debtor in Possession in the above-captioned chapter 11 cases, for an approval of Stipulation Resolving PACA Trust Claims of Prometo Produce Corp. And C.H. Robinson Worldwide, Inc. (PACA Creditors), pursuant to Rule 9019 of the Federal Rules of Bankruptcy, will be held before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, in the United States Bankruptcy Court – Eastern District of New York – Brooklyn, 271-C Cadman Plaza East, Courtroom 3585, Brooklyn, New York, 11201, on **July 1, 2022 at 10:30 A.M.** (Eastern Time) (the "Hearing"). The hearing will be held telephonically (1-888-808-6929, the access code 8523285#) or as soon thereafter as counsel can be heard. The Parties needs to use **eCourt Appearances** to register to appear at a hearing and to register at least two business days before the hearing.

     **PLEASE TAKE FURTHER NOTICE** that any objections to the within Motion must be in writing and must state with particularity the grounds of the objection. The objection must be

filed with the Clerk of the Bankruptcy Court electronically at www.nyeb.uscourts.gov, and a copy of the objection must be served upon the undersigned counsel for the debtor so as to be received no later than seven (7) days before the hearing date.

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the objection deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: May 24, 2022
Brooklyn, New York

/s/ Alla Kachan
Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Ste 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
In re:

      Produce Depot USA LLC,

                    Debtor.
-------------------------------------------------------X

Case No: <u>1-22-40412-ess</u>
Chapter 11

## MOTION FOR AN ORDER APPROVING
## STIPULATION RESOLVING PACA TRUST CLAIMS OF
## PROMETO PRODUCE CORP. AND C.H. ROBINSON WORLDWIDE, INC.
## PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY

The Debtor, Produce Depot USA LLC, by its counsel, pursuant to Rule 9019 of the Federal

Rules of Bankruptcy, hereby moves this Court for the approval of the Stipulation Resolving PACA

Trust Claims of Prometo Produce Corp. And C.H. Robinson Worldwide, Inc (the "Stipulation").

In support of this motion, the Debtor represents and alleges as follows:

### BACKGROUND AND PROCEDURES

1.     Under Bankruptcy Code §§ 1107 and 1108, the Debtors retain possession of

their assets and are authorized, as the Debtors in Possession, to continue to operate and manage its

business.

2.     On March 2, 2022, Produce Depot USA LLC filed a voluntary bankruptcy

petition with this Court for relief under chapter 11 of title 11, United States Code, 11 U.S.C. §§

101 et seq. ("Bankruptcy Code").

3.     Pre-petition, the Debtor was engaged in the fresh produce industry. The

Debtor was subject to the Perishable Agricultural Commodities Act, 7 U.S.C. §499a et seq.

("PACA"), and at all material times hereto held PACA license number 20200157.

4.    On July 16, 2021, Prometo Produce Corp. ("Prometo") commenced a PACA trust enforcement case in the United States District Court for the Southern District of New York, Case No. 1:21-cv-06131-PGG-KHP ("Prometo Case"). The case was filed against the Debtor and its principals but has since been stayed pursuant to 11 U.S.C. §362 as to the Debtor. The fully liquidated value of Prometo's asserted PACA trust claim is $203,757.11.

5.    On September 23, 2021, C.H. Robinson Worldwide, Inc. ("C.H. Robinson") commenced a PACA trust enforcement case in the United States District Court for the Southern 2 District of New York, Case No. 1:21-cv-07939-ALC-KHP ("C.H. Robinson Case"). The case was filed against the Debtor and its principals but has since been stayed pursuant to 11 U.S.C. §362 as to the Debtor. The fully liquidated value of C.H. Robinson's asserted PACA trust claim is $177,876.63.

6.    Both the Prometo PACA claim and the C.H. Robinson PACA claim are listed on the Debtor's Voluntary Petition as being among the twenty (20) largest claims (Official Form 204); however, both claims are listed as disputed. The two (2) PACA trust claims are properly before this U.S. Bankruptcy Court for payment.

7.    On May 9, 2022, Prometo filed its Proof of Claim (Claims Register, number 6) asserting a PACA a trust claim against the Debtor in the amount of $203,757.11, amended to reflect the correct zip code for notices by an Amended Proof of Claim (also Claims Register, number 6), filed May 10, 2022.

8.    On May 10, 2022, C.H. Robinson filed its Proof of Claim (Claims Register, number 7) asserting a PACA a trust claim against the Debtor in the amount of $177,876.63.

9.    Settlement Conferences were held in April and May 2022 in the aforementioned Prometo Case and the C.H. Robinson Case, both with U.S. Magistrate Judge Katharine H. Parker presiding, and both have resulted in a conditional compromise and settlement of the PACA claims of Prometo and C.H. Robinson. Specifically, Prometo and C.H. Robinson conditionally compromised and settled their

claims, pending Bankruptcy Court approval for $100,000.00 each from the Debtor, while one of the Debtor's principals, Luis A. Ruelas ("Mr. Ruelas"), is contributing an additional sum of $20,000.00 to C.H. Robinson.

10.    On May 3, 2022, Prometo, C.H. Robinson and Mr. Ruelas, by and through respective counsel, entered into a certain Term Sheet memorializing their agreement to fully settle and resolve the two (2) PACA trust claims, pending approval from this U.S. Bankruptcy Court. The Term Sheet is attached as Exhibit A to the Stipulation.

11.    The Parties have stipulated and agreed that the PACA trust claims of Prometo and C.H. Robinson be fully resolved and paid upon the terms and conditions set forth in the Stipulation. See attached as **Exhibit "A."**

12.    Having reached a mutual agreement of the terms contained in the Stipulation, the Parties stipulate and agree as follows:

13.    The PACA trust claim of Prometo shall be compromised, reduced, allowed and paid in the amount of $100,000.00 from the Debtor.

14.    The PACA trust claim of C.H. Robinson shall be compromised, reduced, allowed and paid in the amount of $120,000.00, with $100,000.00 from the Debtor and $20,000.00 from Mr. Ruelas.

15.    The Debtor shall, within fourteen (14) days of the full execution of this Stipulation, prepare and file with the U.S. Bankruptcy Court a Motion to Approve Compromise pursuant to Fed. R. Bankr. P. 9019 (the "Motion").

16.    Payment to Prometo and to C.H. Robinson shall be delivered to their respective counsel and made payable to their respective counsel's law firms as follows: in the case of Prometo, to "Whiteman, Bankes & Chebot, LLC Attorney Trust Account," and, in the case of C.H. Robinson, to "Martyn and Associates, In Trust." Debtor shall make the payments required

by this paragraph within fourteen (14) days following the entry of the order approving the stipulation of settlement. Payment to C.H. Robinson by Mr. Ruelas shall likewise be made within fourteen (14) days following final bankruptcy court approval.

17.    Upon full payment of all agreed amounts, the parties to this Stipulation release and discharge each other from any and all claims asserted, and those claims which could have been 4 asserted, in the Prometo Case and the C.H. Robinson Case. Any Proofs of Claim filed by Prometo or C.H. Robinson in the Debtor's bankruptcy case shall be withdrawn within (14) fourteen days of receiving payment in full.

18.    If the bankruptcy court does not approve and authorize full payment of the compromised amounts set forth in paragraphs A. and B. on the Stipulation, above, from DIP, as set forth in the accompanying Motion, the settlement will be null and void and the parties will recommence litigation in the Prometo Case and the C.H. Robinson Case without prejudice to their respective positions in those cases, with all claims and defenses reserved, subject to the automatic stay with respect to the Debtor.

19.    By this Motion, the Debtor respectfully requests entry of an order, pursuant to Bankruptcy Rule 9019, authorizing and approving the Stipulation.

## JURISDICTION

20.    This Court has jurisdiction over this proceeding under chapter 11 of the Bankruptcy Code, pursuant to 28 U.S.C. §§151, 157 and 1334.

21.    Venue in this Court is proper, pursuant to 28 U.S.C. §§ 1408 and 1409.

22.    This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (B) and (O).

23.    The legal predicate for the relief sought herein is Bankruptcy Rule 9019.

### BASIS FOR RELIEF REQUESTED

24.    Pursuant to Bankruptcy Rule 9019, as set forth below, the Debtor submits that the joint Stipulation should be authorized and approved because it is in the best interest of the estate and the Creditor, represents the sound business judgment of the Debtor, and is fair and reasonable under the circumstances.

25.    Bankruptcy Rule 9019(a) provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bank. P. 9019(a). Bankruptcy Rule 9019 empowers bankruptcy courts to approve settlements "if they are in the best interests of the estate." Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.), 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991). In fact, settlements and compromises are "a normal part of the process of reorganization." Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)(quoting Case v. Los Angeles Lumber Prods. Co., 308 U.S. 106, 130 (1939)). Accordingly, the Court is authorized to approve the settlement, on the terms set forth in the Settlement Agreement.

26.    In determining whether to approve a settlement pursuant to Bankruptcy Rule 9019(a), a court must find that the proposed settlement is fair and equitable, reasonable, and in the best interests of the Debtor's estate. *TMT Trailer Ferry, 390 U.S. at 424; In re Ionosphere Clubs, Inc., 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994).* A decision to approve a particular compromise or settlement is within the sound discretion of the bankruptcy court. *Drexel Burnham, 134 B.R. at 505.* In exercising its discretion, the bankruptcy court must make an independent determination that the settlement is fair and reasonable. *Nellis v. Shugrue,*

165 B.R. 115, 122 (S.D.N.Y. 1994) (a court may consider the opinions of the trustee or Debtor in possession that a settlement is fair and reasonable). In addition, a bankruptcy court may exercise its discretion "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co., 217 B.R. 31 (Bankr. S.D.N.Y. 1998); see also Shugrue, 165 B.R. at 123* ("the general rule [is] that settlements are favored and, in fact, encouraged by the approval process outlined above").

27.   The elements that a court should evaluate in considering whether a proposed settlement falls within the "range of reasonableness" are well-settled: (a) the probability of success in the litigation, (b) the difficulty in collecting after obtaining a judgment in the litigation, (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it, (d) the interest of creditors and a proper deference to their reasonable views of the settlement, and (e) the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion. *See, e.g., TMT Trailer Ferry, 190 U.S. at 424; In re W.T. Grant Co., 699 F.2d 599 (2d Cir. 1983); Ionosphere Clubs, 156 B.R. at 426-27.*

28.   Approval of a settlement under Bankruptcy Rule 9019(a) is appropriate when the settlement is fair and equitable and is in the best interests of a Debtor's estate. *See e.g., TMT Trailer Ferry, 390 U.S. at 424; Adelphia, 327 B.R. at 159* (citations omitted) ("The settlement need not be the best that the Debtor could have obtained. Rather, the settlement must fall 'within the reasonable range of litigation possibilities.'"); *Nellis v. Shugrue, 165 B.R. 115, 121 9 (S.D.N.Y. 1994)* ("[t]he obligation of the bankruptcy court is to determine whether a settlement is in the best interest of an estate before approving it.")

29.   In the instant cases, the Stipulation is fair and equitable and falls well within the range of reasonableness. As well it follows along the lines of other settlements that have been approved by the court.

30. The attached Stipulation is the product of arms-length negotiations between the Debtor and Prometo Produce Corp and C.H. Robinson Worldwide, Inc., and represents a good faith compromise of issues raised and resolved.

## CONCLUSION

31. As set forth in the above paragraphs, by allowing the attached Stipulation to be approved, it will allow the Debtor to resolve the claim(s) of Prometo Produce Corp and C.H. Robinson Worldwide, Inc of the cases in its entirety, and further allow the Debtor to submit a feasible plan of reorganization, which would surely be in the best interest of the Creditors and the estates. As such, the Debtors respectfully submit that the Stipulation is in the best interest of the Creditor of the estate and should be granted.

32. There having been no objections by any of the remaining creditors, and no other adversarial proceedings having been filed, and it's appearing that the Stipulation is fair and equitable and in the best interest of the estate, approval of the Stipulation meets the criteria set forth in Rule 9019 and the applicable case law, and therefore should be granted.

## NOTICE

33. Debtors will serve notice of the hearing to approve the Stipulation on the Creditor, the Counsel of Prometo Produce Corp and C.H. Robinson Worldwide, Inc, US Trustee, and counsel for all the parties who filed notices of appearance in this matter, and the Debtor's creditors.

34. The Debtor therefore respectfully requests that the Court approve the Stipulation.

**WHEREFORE**, Debtor respectfully requests that this Court approves a

Stipulation and granting such other and further relief as this Court deems just and proper.

Dated:  Brooklyn, New York
       May 24, 2022

                                    */s/ Alla Kachan*
                                    Alla Kachan, Esq.
                                    Law Offices of Alla Kachan, P.C.
                                    2799 Coney Island Avenue,
                                    Suite 202
                                    Brooklyn, NY 11235
                                    Tel.: (718) 513-3145

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
In re:

   Produce Depot USA LLC,

                Debtor.
-------------------------------------------------------X

Case No: <u>1-22-40412-ess</u>
Chapter 11

### AFFIRMATION IN SUPPORT OF DEBTOR'S MOTION
### TO APPROVE STIPULATION RESOLVING PACA TRUST CLAIMS OF
### PROMETO PRODUCE CORP. AND C.H. ROBINSON WORLDWIDE, INC.

Produce Depot USA LLC, the Debtor, ("Debtor") by undersigned counsel, Alla Kachan, of the Law Offices of Alla Kachan, P.C., respectfully requests that the Court for an approval of Stipulation Resolving PACA Trust Claims of Prometo Produce Corp. and C.H. Robinson Worldwide, Inc. (PACA Creditors), pursuant to Rule 9019 of the Federal Rules Bankruptcy (the "Stipulation") (**Exhibit A**), and in support thereof avers as follows:

#### JURISDICTION

1.     This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1334 and 157.

#### STATEMENT OF FACTS

2.     I am the attorney for the Debtor in the above-captioned case and after the review of the Debtor's documents and having discussed at length with the Debtor, am fully familiar with the facts therein.

3.     Settlement Conferences were held in April and May 2022 in the aforementioned Prometo Case and the C.H. Robinson Case, both with U.S. Magistrate Judge Katharine H. Parker presiding, and both have resulted in a conditional compromise and settlement of the PACA claims of Prometo and C.H. Robinson. Specifically, Prometo and C.H. Robinson conditionally compromised and settled their claims, pending Bankruptcy Court approval for $100,000.00 each from the Debtor, while one of the Debtor's principals, Luis A. Ruelas ("Mr. Ruelas"), is contributing an additional sum of $20,000.00 to C.H. Robinson.

4.     On May 3, 2022, Prometo, C.H. Robinson and Mr. Ruelas, by and through respective counsel, entered into a certain Term Sheet memorializing their agreement to fully settle and resolve the two (2) PACA trust claims, pending approval from this U.S. Bankruptcy Court. The Term Sheet is attached as Exhibit A to the Stipulation and incorporated herein by reference.

5.     The Parties have stipulated and agreed that the PACA trust claims of Prometo and C.H. Robinson be fully resolved and paid upon the terms and conditions set forth in the Stipulation. See attached as **Exhibit "A."** to the motion.

6.     Having reached a mutual agreement of the terms contained in the Stipulation, the Parties stipulate and agree as follows:

7.     The PACA trust claim of Prometo shall be compromised, reduced, allowed and paid in the amount of $100,000.00 from the Debtor.

8.     The PACA trust claim of C.H. Robinson shall be compromised, reduced, allowed and paid in the amount of $120,000.00, with $100,000.00 from the Debtor and $20,000.00 from Mr. Ruelas.

9.      The Debtor shall, within fourteen (14) days of the full execution of this Stipulation, prepare and file with the U.S. Bankruptcy Court a Motion to Approve Compromise pursuant to Fed. R. Bankr. P. 9019 (the "Motion").

10.     Payment to Prometo and to C.H. Robinson shall be delivered to their respective counsel and made payable to their respective counsel's law firms as follows: in the case of Prometo, to "Whiteman, Bankes & Chebot, LLC Attorney Trust Account," and, in the case of C.H. Robinson, to "Martyn and Associates, In Trust." Debtor shall make the payments required by this paragraph within fourteen (14) days following the entry of the order approving the stipulation of settlement. Payment to C.H. Robinson by Mr. Ruelas shall likewise be made within fourteen (14) days following final bankruptcy court approval.

11.     Upon full payment of all agreed amounts, the parties to this Stipulation release and discharge each other from any and all claims asserted, and those claims which could have been 4 asserted, in the Prometo Case and the C.H. Robinson Case. Any Proofs of Claim filed by Prometo or C.H. Robinson in the Debtor's bankruptcy case shall be withdrawn within (14) fourteen days of receiving payment in full.

12.     If the bankruptcy court does not approve and authorize full payment of the compromised amounts set forth in paragraphs A. and B. of the Stipulation, above, from DIP, as set forth in the accompanying Motion, the settlement will be null and void and the parties will recommence litigation in the Prometo Case and the C.H. Robinson Case without prejudice to their respective positions in those cases, with all claims and defenses reserved, subject to the automatic stay with respect to the Debtor.

13.     The Stipulation as set forth, is fair and reasonable, and is in-line with other similar Settlements that have been approved by the Court. The Stipulation is an arms-length agreement and is being offered in good faith.

14.     The attached Stipulation is the product of arms-length negotiations between the Debtor, Estate and Creditors and represents a good faith compromise of issues raised and resolved.

## CONCLUSION

15. By approving the Stipulation, it will allow the Debtors to resolve the claim(s) of the Prometo Produce Corp. and C.H. Robinson Worldwide, Inc. in its entirety and further to submit a feasible plan of reorganization, which would surely be in the best interest of the Creditors and the estate. As such, the Debtors respectfully submit that approval of the Stipulation and Consent order is in the best interest of the Creditors of the estate and should be granted.

**WHEREFORE**, Debtor respectfully requests that this Court approves a Stipulation and granting such other and further relief as this Court deems just and proper.


Dated: Brooklyn,New York                    _/s/ Alla Kachan_____
        May 24, 2022                        Alla Kachan, Esq.
                                            Law Offices of Alla Kachan, P.C.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
In re:

        Produce Depot USA LLC,

                    Debtor.
--------------------------------------------------------X

Case No: <u>1-22-40412-ess</u>
Chapter 11

**ORDER**
**APPROVING STIPULATION RESOLVING PACA TRUST CLAIMS OF**
**PROMETO PRODUCE CORP. AND C.H. ROBINSON WORLDWIDE, INC.**
**PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY**

        The above-captioned Debtors in the instant chapter 11 cases (the "Debtor") having filed and served a motion (the "Motion") pursuant to F.R. Bankr. P. 9019 ("Rule 9019") for approval of a S Stipulation Resolving PACA Trust Claims of Prometo Produce Corp. And C.H. Robinson Worldwide, Inc, attached as Exhibit A to the Motion; and the Court having reviewed the Motion and supporting Affirmation, and it appearing that good and sufficient notice of the Motion having been provided as evidenced by the Affidavit of Service filed with the Court; and there having been no objections to the Motion; and the Court having determined that approval of the Agreement meets the criteria set forth in Fed. R. Bankr. P. 9019 and applicable case law; and it further appearing that the settlement embodied in the Agreement is fair and equitable and in the best interest of the Debtor and its estate and creditors, it is

        **ORDERED** that the Stipulation Resolving PACA Trust Claims of Prometo Produce Corp. And C.H. Robinson Worldwide, Inc is approved; and it is further

        **ORDERED** that, any modification to the terms of the Stipulation must be subject to notice and opportunity to object before the Bankruptcy Court; and it is further

        **ORDERED** that, to the extent this order and the Stipulationt conflict, this order will

govern; and it is further

**ORDERED**, that notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry, and without the need for further actions by the parties; and it is further

**ORDERED**, that the Court may retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order and the Stipulation.

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In re:

PRODUCE DEPOT USA, LLC

                        **CASE NO. 1:22-40412-ess**

                        **Chapter 11**

     **Debtor**
---------------------------------------------------------------X

### STIPULATION RESOLVING PACA TRUST CLAIMS OF
### PROMETO PRODUCE CORP. AND C.H. ROBINSON WORLDWIDE, INC.

1.      On March 2, 2022, Produce Depot USA, LLC ("Debtor") filed a Chapter 11 bankruptcy petition in this U.S. Bankruptcy Court, being case number 1:22-40412-ess, Honorable Elizabeth S. Stong presiding. The Debtor continues to manage its affairs as a Debtor-in-Possession. No Trustee or examiner has been appointed.

2.      Pre-petition, the Debtor was engaged in the fresh produce industry. The Debtor was subject to the Perishable Agricultural Commodities Act, 7 U.S.C. §499a *et seq.* ("PACA"), and at all material times hereto held PACA license number 20200157.

3.      On July 16, 2021, Prometo Produce Corp. ("Prometo") commenced a PACA trust enforcement case in the United States District Court for the Southern District of New York, Case No. 1:21-cv-06131-PGG-KHP ("Prometo Case"). The case was filed against the Debtor and its principals but has since been stayed pursuant to 11 U.S.C. §362 as to the Debtor. The fully liquidated value of Prometo's asserted PACA trust claim is $203,757.11.

4.      On September 23, 2021, C.H. Robinson Worldwide, Inc. ("C.H. Robinson") commenced a PACA trust enforcement case in the United States District Court for the Southern

District of New York, Case No. 1:21-cv-07939-ALC-KHP ("C.H. Robinson Case"). The case was filed against the Debtor and its principals but has since been stayed pursuant to 11 U.S.C. §362 as to the Debtor. The fully liquidated value of C.H. Robinson's asserted PACA trust claim is $177,876.63.

5.      Both the Prometo PACA claim and the C.H. Robinson PACA claim are listed on the Debtor's Voluntary Petition as being among the twenty (20) largest claims (Official Form 204); however, both claims are listed as disputed. The two (2) PACA trust claims are properly before this U.S. Bankruptcy Court for payment.

6.      On May 9, 2022, Prometo filed its Proof of Claim (Claims Register, number 6) asserting a PACA a trust claim against the Debtor in the amount of $203,757.11, amended to reflect the correct zip code for notices by an Amended Proof of Claim (also Claims Register, number 6), filed May 10, 2022.

7.      On May 10, 2022, C.H. Robinson filed its Proof of Claim (Claims Register, number 7) asserting a PACA a trust claim against the Debtor in the amount of $177,876.63.

8.      Settlement Conferences were held in April and May 2022 in the aforementioned Prometo Case and the C.H. Robinson Case, both with U.S. Magistrate Judge Katharine H. Parker presiding, and both have resulted in a conditional compromise and settlement of the PACA claims of Prometo and C.H. Robinson. Specifically, Prometo and C.H. Robinson conditionally compromised and settled their claims, pending Bankruptcy Court approval for $100,000.00 each from the Debtor, while one of the Debtor's principals, Luis A. Ruelas ("Mr. Ruelas"), is contributing an additional sum of $20,000.00 to C.H. Robinson.

9.      On May 3, 2022, Prometo, C.H. Robinson and Mr. Ruelas, by and through respective counsel, entered into a certain Term Sheet memorializing their agreement to fully settle

2

and resolve the two (2) PACA trust claims, pending approval from this U.S. Bankruptcy Court. The Term Sheet is attached hereto as Exhibit A and incorporated herein by reference.

**NOW, THEREFORE**, it is hereby stipulated and agreed by and among the parties hereto that the PACA trust claims of Prometo and C.H. Robinson be fully resolved and paid upon the terms and conditions set forth herein and as follows:

A.       The PACA trust claim of Prometo shall be compromised, reduced, allowed and paid in the amount of $100,000.00 from the Debtor.

B.       The PACA trust claim of C.H. Robinson shall be compromised, reduced, allowed and paid in the amount of $120,000.00, with $100,000.00 from the Debtor and $20,000.00 from Mr. Ruelas.

C.       The Debtor shall, within fourteen (14) days of the full execution of this Stipulation, prepare and file with the U.S. Bankruptcy Court a Motion to Approve Compromise pursuant to Fed. R. Bankr. P. 9019 (the "Motion").

D.       Payment to Prometo and to C.H. Robinson shall be delivered to their respective counsel and made payable to their respective counsel's law firms as follows: in the case of Prometo, to "Whiteman, Bankes & Chebot, LLC Attorney Trust Account," and, in the case of C.H. Robinson, to "Martyn and Associates, In Trust." Debtor shall make the payments required by this paragraph within fourteen (14) days following the entry of the order approving the stipulation of settlement. Payment to C.H. Robinson by Mr. Ruelas shall likewise be made within fourteen (14) days following final bankruptcy court approval.

E.       Upon full payment of all agreed amounts, the parties to this Stipulation release and discharge each other from any and all claims asserted, and those claims which could have been

3

asserted, in the Prometo Case and the C.H. Robinson Case. Any Proofs of Claim filed by Prometo or C.H. Robinson in the Debtor's bankruptcy case shall be withdrawn within (14) fourteen days of receiving payment in full.

F.      If the bankruptcy court does not approve and authorize full payment of the compromised amounts set forth in paragraphs A. and B., above, from DIP, as set forth in the accompanying Motion, the settlement will be null and void and the parties will recommence litigation in the Prometo Case and the C.H. Robinson Case without prejudice to their respective positions in those cases, with all claims and defenses reserved, subject to the automatic stay with respect to the Debtor.

G.      Each of the undersigned parties hereby represents and acknowledges that it has the requisite authority to execute this Stipulation.

H.      This Stipulation may be executed in multiple counterparts, each of which is an original, but all of which shall together constitute one Stipulation. Moreover, facsimile signatures, signatures in portable document format (.pdf), or other electronic means are deemed originals for purposes of this Stipulation.

I.      This Stipulation may not be altered, modified or changed unless in writing and upon the consent of all parties.

Dated: May 10, 2022.

4

STIPULATED AND AGREED TO BY ALL COUNSEL:

| | |
|---|---|
| */s/ Jeffrey M. Chebot*<br>JEFFREY M. CHEBOT (JC8441)<br>WHITEMAN, BANKES & CHEBOT, LLC<br>Suite 210, Constitution Place<br>325 Chestnut Street<br>Philadelphia, Pennsylvania 19106<br>Tel.: (215) 882-3660<br>Fax: (215) 829-0059<br>Email: jchebot@wbc-lawyers.com<br><br>Attorney for PACA Trust Creditor Prometo Produce Corp. | */s/ Mark A. Amendola*<br>MARK A. AMENDOLA<br>  Ohio Bar I.D. No. 0042645<br>MARTYN AND ASSOCIATES CO.<br>820 Superior Avenue, N.W., Tenth Floor<br>Cleveland, Ohio 44113<br>Tel.: (216) 861-4700<br>Fax: (216) 861-4703<br>Email: mamendola@martynlawfirm.com<br><br>Attorney for PACA Trust Creditor C.H. Robinson Worldwide, Inc. |
| */s/ Timothy J. Fierst*<br>TIMOTHY J. FIERST (TF3247)<br>THE FIERST LAW GROUP, P.C.<br>462 Sagamore Avenue, Suite 2<br>East Williston, New York 11596<br>Tel.: (516) 586-4221<br>Fax: (516) 586-8536<br>Email: tfierst.law@gmail.com<br><br>Attorney for Produce Depot USA, LLC and Luis A. Ruelas | */s/ Alla Kachan*<br>ALLA KACHAN (4244281 NY)<br>LAW OFFICES OF ALLA KACHAN, P.C.<br>2799 Coney Island Avenue<br>Suite 202<br>Brooklyn, NY 11235<br>Tel.: (718) 513-3145<br>Email: alla@kachanlaw.com<br><br>Attorney for Debtor Produce Depot USA, LLC |

EXHIBIT A

To Stipulation

**TERM SHEET**

**SETTLEMENT BETWEEN PLAINTIFFS AND DEFENDANT LUIS RUELAS**

**CASE CAPTIONs AND INDEX NUMBER: C.H. Robinson Worldwide, Inc. v. Produce Depot USA, LLC et al 21-cv-7939 and Prometo Produce Corp. v. Produce Depot USA LLC et al., 21-cv-6131**

1. Settlement payment from Luis Ruelas to C.H. Robinson:  $120,000 ($20,000 funded by Ruelas; $100,000 funded through the DIP Account of Produce Depot USA, LLC established through the EDNY Bankruptcy Proceeding).
2. Settlement payment from Ruelas to Prometo Produce Corp.:  $100,000 (funded through the DIP Account of Produce Depot USA, LLC established through the EDNY Bankruptcy Proceeding).
3. Full payment due w/in 14 days of final approval by bankruptcy court of payment through the DIP Account referenced above.  The payment of the remaining $20,000 from Ruelas personally to C.H. Robinson to be paid at the same time as the amounts from the DIP Account.
4. Full release of claims arising out of these litigations to be effective upon payment of full amounts.
5. Parties will file a stipulation of dismissal of these lawsuits w/in 14 days after payments are received and checks cashed.
6. If the bankruptcy court does not approve full payment, the settlement will be null and void and the parties will recommence litigation without prejudice to their respective positions in the litigation.
7. No admission of liability by any party to the settlement.
8. Discovery stayed until settlement effectuated or until further order of the Court.
9. Parties to provide status update on bankruptcy proceeding and approval of settlement to MJ Parker by June 15, 2022 and every 30 days thereafter.
10. Parties to enter into a stipulation to be filed in the bankruptcy action consistent with this term sheet and shall cooperate with Produce Depot's bankruptcy counsel to timely finalize said stipulation and file with the bankruptcy court.
11. Plaintiffs' counsel to provide draft stipulation to Defense counsel by May 10, 2022. Defense counsel to provide comment on draft stipulation by May 17, 2022.  Parties to finalize stipulation by May 23, 2022.

SIGNATURES OF PARTIES:                                         DATE: