| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | Hearing Date: TBA<br>Hearing Time: TBA |

-----------------------------------------------------x

In re:                                                                                    Chapter 11

PRODUCE DEPOT USA LLC,                                           Case No. 22-40412 (ESS)

                                    Debtor.

-----------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES TRUSTEE'S MOTION, PURSUANT TO 28 U.S.C. §§ 1406, 1408 AND FED. R. BANKR. P. 1014(a)(1), TO TRANSFER VENUE OF THIS CASE TO THE DISTRICT OF NEW JERSEY <u>OR, IN THE ALTERNATIVE THE SOUTHERN DISTRICT OF NEW YORK</u>**

TO:    THE HONORABLE ELIZABETH S. STONG,
          UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), by and through his counsel, respectfully submits this memorandum of law in support of his motion (the "Motion"), pursuant to Sections 1406(a), 1408 of title 28, United States Code ("Title 28") and Rule 1014(a)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to transfer venue of this case to a district where venue is proper. In support hereof, the United States Trustee respectfully states:

### INTRODUCTION

Produce Depot USA, LLC (the "Debtor"), filed this bankruptcy case on March 2, 2022. Gaetano Balzano, the Debtor's twenty-percent shareholder, filed for bankruptcy relief in the District of New Jersey on March 3, 2022. The Debtor has filed a motion under Rule 9019 settling claims against it held by two creditors, contemplates releases of Balzano and majority shareholder Book3 LLC and has been scheduled to be heard on July 1, 2022. The United States Trustee will seek to move on shortened notice to transfer this case to a district where venue is proper.

1

The Debtor has not demonstrated that the Eastern District of New York ("E.D.N.Y.") is the proper venue under Section 1408(1) or (2). Based upon 341 meeting testimony, prior to ceasing operations, the Debtor had its principal place of business in Bronx, New York and relocated the Debtor's books and records to Balzano's office in New Jersey. In addition, the Debtor is a defendant in two lawsuits pending in the United States District Court for the Southern District of New York and upon further examination, the Debtor's filed pleadings in those cases support its choice of venue in another district. Accordingly, the United States Trustee, pursuant to Section 1406(a) of Title 28, respectfully requests that the Court transfer this case to a district where venue is proper.[1]

## FACTS

**A.      The Debtor's Chapter 11 Filing**

1.      On March 2, 2022, the Debtor filed a voluntary petition for relief in this district under Chapter 11 of title 11, United States Code (the "Bankruptcy Code"). (ECF No. 1). To date, the Debtor has not filed an affidavit pursuant to Local Rule 1007-4.

2.      On its Petition, the Debtor listed its principal place of business located at 52 Center Market Street, Brooklyn, New York 11236. ECF Doc. No 1. The Debtor averred that it was "domiciled, had its principal place of business, or principal assets in this district for one-hundred-eighty (180) days immediately preceding the date of this petition." ECF Doc. No. 1, Petition, Question 11.

3.      According to the online database for the New York State Department of State ("NYDOS")- Division of Corporations, the initial NYDOS filing for the Debtor was August 23,

---

[1] On May 12, 2022, Balzano filed a motion to change venue in the District of New Jersey proposing to move his individual chapter 11 bankruptcy case to the Eastern District of New York on the grounds that his case is related to the Debtor's case. A hearing on Balzano's Motion is scheduled to be heard on July 14, 2022.

2019 in New York County. A copy of the data sheet provided on the NYSDOC website for the Debtor are annexed hereto as Exhibit A.

4. On its Amended Statement of Financial Affairs ("SOFA"), the Debtor averred that it is a named defendant in two lawsuits, <u>C.H. Robinson Worldwide, Inc. v. Produce Depot USA LLC, et al</u>, Case No. 21-cv-07939-ALC (the "C.H. Robinson Case") and <u>Prometo Produce Corp. v. Produce Depot USA LLC</u>, Case No. 21-cv-06131-PGG-KHP (the "Prometo Case") (altogether the "PACA Cases"), pending in the United States District Court for the Southern District of New York. ECF Doc. No. 27, SOFA, Question 7.

5. According to the Complaints and Answers filed in the PACA cases, the Debtor admits to having its principal place of business in Bronx, New York. Copies of the Complaints and Answers in the C.H. Robinson and Prometo Cases are attached as Exhibits B and C, respectively. Notably, the exhibits filed with the Complaints include invoices purportedly addressed to the Debtor located at 1341 Garrison Avenue, Bronx, New York 10474 (the "Bronx Address"). *Id.*

6. According to the Debtor's Amended Schedule A/B, the Debtor did not schedule any interest in real property, and scheduled $1,210,000 in personal property consisting solely of: (i) a potential claim valued at $960,000 against Mike Felix, a minority shareholder and manager of the debtor; and (ii) a $250,000 promissory note made by NYC Tropical House Inc.[2] ECF Doc. No. 26, Amended Schedule A/B. The Debtor scheduled no secured debt, and scheduled twenty-five general unsecured claims in the aggregate amount of $1,660,488.10, including the

---

[2] Upon review of NYSDOS' website, NYC Tropical House Inc. is a corporation that was incorporated on February 11, 2021 in New York County, and whose address is the same as the Debtor's Bronx Address. A copy of the NYDOS Records is attached as Exhibit D.

claims of Chrome Capital Funding and Queen Funding LLC.  ECF Doc. No. 1, Schedules D, E/F.

7. On the SOFA, the Debtor averred that it has three shareholders: (i) Balzano holding twenty-percent of shares located in Saddle River, New Jersey; (ii) Book3 LLC holding sixty-percent of shares located in Allendale, New Jersey; and (iii) Mike Felix holding twenty-percent of shares located in Orangeburg, New York.  ECF Doc. No. 26.

8. In response to the United States trustee's request for the Debtor's corporate tax returns, the Debtor provided the following:

    a. Form 1040 personal tax returns for Balzano for years 2019 and 2020 indicating he resides in New Jersey;

    b. the Schedule C of Form 1040 for 2020 of Luis Ruelas indicating that he is the sole proprietor of the Debtor, which indicates that he resides in New Jersey. *See* Declaration of Rachel Wolf dated May 26, 2022 (the "Wolf Decl."), ¶ 2.

9. The Debtor did not provide corporate tax returns of the Debtor to the United States Trustee.  Wolf Decl., ¶ 3.

10. The Debtor also provided copies of Prepetition Bank statements for the Debtor's prepetition accounts located at J.P. Morgan Chase reflecting the Debtor's address as the Bronx Address.  Wolf Decl., 4.

11. The initial meeting of creditors pursuant to 11 U.S.C. § 341(a) (the "Meeting of Creditors") was initially scheduled for April 1, 2022, and was adjourned to April 11, 2022.  *See* Docket.  On April 11, 2022, the United States Trustee conducted the Meeting of Creditors, at which Debtor's proposed counsel Alla Kachan, Esq. and Balzano appeared as the Debtor's representative.  Wolf Decl., ¶ 5.

12. At the Meeting of Creditors, Balzano testified to the following:

    a. The Debtor ceased operating in mid-2021 and did not intend to restart operations.

    b. The Debtor was a produce-resale company that sold produce to retail outlets, among other things.

    c. Until mid-2021, the Debtor leased warehouse space located at 1341 Garrison Avenue, Bronx, New York 10474 (the "Bronx Warehouse") to store inventory, books and records.

    d. The Debtor assigned its interest in the Bronx Warehouse lease in mid-2021 to a third-party in an arm's-length transaction.

    e. Prior to ceasing operations, the Debtor delivered inventory to its customer, Circus Fruits Wholesale ("Circus") located at 52 Center Market Street, Brooklyn New York.

    f. After the Debtor ceased operations, Balzano relocated the Debtor's books and records to an office in Garfield, New Jersey.

Wolf Decl., ¶ 6.

13. On May 26, 2022, the Debtor filed a motion to compromise the controversies between C.H. Robinson, Prometo and the Debtor, which is scheduled to be heard on July 1, 2022 (the "9019 Motion and Stipulation"). ECF Doc. No. 28.

**B.    Balzano's Chapter 11 Filing**

14. On March 3, 2022, Balzano commenced a voluntary chapter 11 case in the United States Bankruptcy Court for the District of New Jersey in a case captioned <u>In Re Gaetano Balzano</u>, Case No. 22- 11703 (VFP) (the "Balzano Case"). *See* Balzano Case, ECF Doc. No. 1.

On his Petition, Balzano lists his residence at 6 Mohegan Trail, Saddle River, New Jersey 07458. *Id.*

15. According to his Schedule A/B, Balzano scheduled an interest as a twenty-percent shareholder of the Debtor. *See* Balzano Case, Schedule A/B, ECF Doc. No. 1.

16. On May 12, 2021, Balzano filed a motion to transfer his case to this Court, which is scheduled to be heard on July 14, 2022. *Id.*, ECF Doc. No. 10. By his motion, Balzano alleges that the Debtor anticipates entering into a settlement with two PACA creditors that is to be partially funded by the Debtor. *Id.*, at ¶ 6. Balzano asserts that transfer of his individual case to this Court "is in the best interest of judicial economy and in the interest of all parties for the case to be adjudicated in the same jurisdiction." *Id.*

## ARGUMENT

**C.    Applicable Law**

17. Section 1408 of Title 28 provides:

[A] a case under title 11 may be commenced in the district court for the district—

(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement . . . ; or

(2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

28 U.S.C. § 1408.

18. Under Section 1408, "the relevant period of inquiry for determine a debtor's principal place of business for purposes of venue is that one-hundred-eighty-day period immediately preceding the petition date." *In re Condor Exploration, LLC*, 294 B.R. 370, 376 (Bank. Dist. Co. 2003). Under Section 1408(1), a corporate debtor must satisfy one of two bases

for venue: principal place of business or location of principal assets. An alternative basis for venue under Section 1408(2) is where "there is a pending case concerning such person's affiliate, general partner, or partnership." 28 U.S.C. § 1408. In the event venue is not satisfied under § 1408, there are two additional statutes concerning change of venue for bankruptcy cases, 28 U.S.C. §§ 1406 and 1412.

19. Section 1406 of Title 28 provides:

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

(b) Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.

28 U.S.C. § 1406.

20. Section 1412 of Title 28 provides:

A district court *may* transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

28 U.S.C. § 1412 (emphasis added).

21. The Federal Rule of Bankruptcy Procedure 1014(2) provides, in relevant part:

(a) Dismissal and Transfer of Cases

(2) Cases Filed in Improper District

If a petition is filed in an improper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may dismiss the case or transfer it to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

Fed. R. Bankr. P. 1014(2).

22. Although Section 1406 does not specifically apply to bankruptcy cases, "[t]he majority view is that § 1406 applies to cases under the Bankruptcy Code, and that a bankruptcy court lacks authority to retain a case that fails to satisfy § 1408 requirements over the timely objection of an interested party." In Re Houghton Mifflin Harcourt Publishing Co., 474 B.R. 122, 133 (Bank. S.D.N.Y. 2012) (holding that Section 1406 controls where venue is not satisfied under § 1408(a) by failing to demonstrate principal place of business or principal assets is in the district).

23. The burden rests on the movant to demonstrate by a preponderance of the evidence that the Chapter 11 petition was filed in the wrong district. *See* In re Eclair Bakery Ltd., 255 B.R. 121, 141 (Bankr. S.D.N.Y. 2000) (citations omitted).

**D.    The Debtor Cannot Show Venue is Appropriate in this District.**

   **i.    The Debtor's Principal Place of Business is not in this District.**

24. The Debtor has not demonstrated that venue is appropriate in this district. The Debtor asserts that venue is appropriate because it sold goods to Circus, one of its customers, who is located in Brooklyn, New York. Wolf Decl., ¶ 6. Notwithstanding, the information provided by the Debtor, Balzano's testimony at the Meeting of Creditors and the pleadings filed in the PACA Cases do not support the Debtor's assertion that its principal place of business is located in this district.

23. Based upon a review of the pleadings and exhibits filed in the PACA Cases pending in the United States District Court for the Southern District of New York, the Debtor admitted to having its principal place of business in Bronx, New York. *See* Exs. B, C.

24. At the Meeting of Creditors, Balzano testified that the Debtor ceased operating in mid-2021, well before the 180-day lookback period under Section 1408(a). *See* Wolf Decl., ¶ 6.

Balzano further testified that when it ceased operations, the Debtor relocated its books and records to an office in Garfield, New Jersey leased by Balzano. *Id.*

25. Upon request of the United States Trustee, the Debtor provided prepetition bank statements for an account located at Chase Bank reflecting the Bronx Address to the United States Trustee. Wolf Decl., ¶ 4.

26. In response to the United States trustee's request for the Debtor's corporate tax returns, the Debtor provided the following: a. Form 1040 personal tax returns for Balzano for years 2019 and 2020 indicating he resides in New Jersey; and b. the Schedule C of Form 1040 for 2020 of Luis Ruelas indicating that he is the sole proprietor of the Debtor, which indicates that he resides in New Jersey. Wolf Decl., ¶ 2. To date, the Debtor has not provided corporate tax returns to the United States Trustee. Wolf Decl., ¶ 3.

27. Accordingly, venue in this district cannot be laid on the basis of the Debtor's principal place of business.

    **ii.**     **The Debtor's Principal Assets are not in this District.**

28. The Debtor does not have its principal assets in this District. According to its Amended Schedule A/B, the Debtor did not schedule an interest in any real property and scheduled personal property in the amount of $1,210,000, consisting of (i) one potential claim against a minority shareholder; and (ii) a promissory note made by NYC Tropical Produce Inc. in the amount of $250,000. ECF Doc. No. 26, Amended Schedule A/B. The Debtor did not schedule any other assets to properly lay venue in this District. *Id.*

29. At the Meeting of Creditors, Balzano testified that when the Debtor ceased operations in mid-2021, Balzano relocated the Debtor's books and records to an office in Garfield, New Jersey. Wolf Decl., ¶ 6.

20. Accordingly, venue cannot properly be laid in this District on the basis that the Debtor's principal assets are located here.

## CONCLUSION

For the reasons set forth above, the Debtor's case is improperly venued in the Eastern District of New York. Accordingly, pursuant to Section 1406(a) of Title 28 and Rule 1014(a)(2), or in the alternative Section 1412, the Court should transfer this case to a district where venue is proper. The Debtor's books and records, the Debtor's principal assets, are located at Balzano's leased office space in Garfield, New Jersey. It appears that the District of New Jersey is the appropriate venue pursuant to 11 U.S.C. § 1406(a). In the alternative, the Debtor's case may be transferred to the Southern District of New York, the district of the Debtor's principal place of business. Wolf Decl., ¶¶ 2-6. Should the Court determine that venue is proper in this district, the United States Trustee reserves the right to seek dismissal of this case.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order (i) transferring this case to another district where venue is proper, and (ii) granting such further relief as is just.

Dated: New York, New York
      May 27, 2022

Respectfully Submitted,

WILLIAM K. HARRINGTON,
UNITED STATES TRUSTEE

By:   */s/Rachel Wolf*
       Rachel Wolf, Esq.
       Trial Attorney
       201 Varick Street, Suite 1006
       New York, New York 10014
       Tel. No. 212-206-2500
       Rachel.Wolf@usdoj.gov