**WHITEMAN, BANKES & CHEBOT, LLC**
**Jeffrey M. Chebot (JC8441)**
**Suite 210, Constitution Place**
**325 Chestnut Street**
**Philadelphia, Pennsylvania 19106**
**Tel. (215) 829-0014**
**Fax (215) 829-0059**
**email: jchebot@wbc-lawyers.com**

**Attorneys for Plaintiff Prometo Produce Corp.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------X
**PROMETO PRODUCE CORP.,**       :
       :
       **Plaintiff,**     :     **Case No.: 21-cv-6131**
       :
     **v.**     :     **COMPLAINT - CIVIL ACTION**
       :
**PRODUCE DEPOT USA LLC,**    :
**GAETANO BALZANO a/k/a GUY**  :
**BALZANO, LUIS RUELAS, MICHAEL** :
**E. FELIX, and YOLANDA RUSSO,**  :
       :
       **Defendants.**   :
--------------------------------------------------- X

COMES NOW, plaintiff Prometo Produce Corp. ("Plaintiff"), a qualified trust beneficiary under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499a *et seq.*, and alleges as follows:

## THE PARTIES

1.    Plaintiff is a California corporation, with an office and principal place of business at 31900 Mission Trail, Suite 215, Lake Elsinore, California 92530.

2.    Plaintiff is engaged in the business of selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate and foreign commerce.

3.    The defendants are as follows:

a.    Defendant Produce Depot USA LLC ("Produce Depot") is a New York limited liability company with a last-known place of business at 1341 Garrison Avenue, Bronx, New York 10474, and a registered office at c/o LegalCorp Solutions LLC, 11 Broadway, Suite 615, New York, New York 10004.

b.    Defendant Gaetano Balzano a/k/a Guy Balzano ("Balzano") is an individual residing at 6 Mohegan Trail, Saddle River, New Jersey 07458.

c.    Defendant Luis Ruelas ("Ruelas") is an individual residing at 62 Burtwood Court, Allendale, New Jersey 07401.

d.    Defendant Michael E. Felix ("Felix") is an individual residing at 91 Edgewood Drive, Orangeburg, New York 10962.

d.    Defendant Yolanda Russo ("Russo") is an individual residing at 81 Edgewood Drive, Orangeburg, New York 10962.

Balzano, Ruelas, Felix and Russo are also collectively referred to as "Controlling Persons." Produce Depot and Controlling Persons are also collectively referred to as the "Defendants."

4.    At all times relevant to the subject matter of this Complaint, Controlling Persons controlled the operations of defendant Produce Depot as its members, managers, officers and/or bank account signatories.

## JURISDICTION AND VENUE

5.    The Court has jurisdiction over the subject matter of this case under 28 U.S.C. § 1331 because Plaintiff's causes of action are based upon a law of the United States, namely, PACA, 7 U.S.C. § 499e, authorizing the enforcement of payment from the PACA trust by a trust beneficiary and damages for unlawful conduct under PACA.  Further, Plaintiff seeks the employment of the Court's equitable powers for declaratory and injunctive relief in the furtherance

of Plaintiff's enforcing payment from the PACA trust. Supplemental jurisdiction over certain causes of action arises pursuant to 28 U.S.C. § 1367.

6.       Venue properly lies in this judicial district under 28 U.S.C. § 1391(b) because jurisdiction is not solely based on diversity of citizenship, a substantial part of the events or omissions giving rise to the claims arose in this judicial district and because one or more of the Defendants reside in this judicial district.

## **OPERATIVE FACTS**

7.       On or about July 24, 2020, Plaintiff entered into an oral agreement with defendant Produce Depot to sell and supply to defendant Produce Depot shipments of fresh avocados upon negotiated invoice terms, in consideration for advance payments from Produce Depot.

8.       Around July 29, 2020, Produce Depot advanced an initial payment of $250,000.00 to Plaintiff by wire to be applied to the future purchase of avocados.

9.       Between August 2, 2020, and August 11, 2020, Plaintiff supplied five (5) invoiced loads of avocados to Produce Depot at negotiated prices in the collective amount of $263,580.00, against which Plaintiff credited Produce Depot's initial $250,000.00 advance.

10.      Around August 12, 2020, Produce Depot advanced a second payment of $250,000.00 to Plaintiff by wire, to be applied to further future purchases of avocados.

11.      Between August 12, 2020, and August 18, 2020, Plaintiff supplied five (5) additional invoiced loads of avocados to Produce Depot at negotiated prices in the collective amount of $235,520.00, against which, together with $13,580.00 unpaid from the first five invoiced shipments of avocados, Plaintiff credited Produce Depot's second $250,000.00 advance.

12.     When no further advance from Produce Depot to Plaintiff was forthcoming, Plaintiff and Produce Depot orally agreed that Plaintiff would continue to supply avocados to Produce Depot at invoiced negotiated prices on ten-day credit terms.

13.     Under ten-day credit terms, Plaintiff sold and supplied Produce, consisting of fresh avocados (the "Avocados") to defendant Produce Depot, FOB McAllen, Texas, as described in the chart below, pursuant to four numbered invoices (the "Invoices"). In the chart, "Invoice" identifies the number of Plaintiff's invoice under which Plaintiff supplied Avocados to Produce Depot. "Dates" refer to the dates Plaintiff shipped the Avocados to Produce Depot. "Terms" are the relevant payment periods in days from Invoice. "Invoice Amount" refers to the original principal amount due under the Invoices.   "Total Amount" refers to the total principal amount of unpaid for Avocados owed by defendant Produce Depot to Plaintiff. "PACA Amount" refers to the unpaid principal purchase price of Produce sold by Plaintiff to defendant Produce Depot covered by the PACA trust provisions.

| INVOICE | DATES | TERMS | INVOICE AMOUNT | TOTAL AMOUNT | PACA AMOUNT |
|---|---|---|---|---|---|
| 18878 | 08/21/20 | 10 | $37,760.00 | $36,860.00 | $36,860.00 |
| 18965 | 09/03/20 | 10 | 27,040.00 | 27,040.00 | 27,040.00 |
| 18963 | 09/04/20 | 10 | 43,200.00 | 43,200.00 | 43,200.00 |
| 18964 | 09/05/20 | 10 | 20,440.00 | 20,440.00 | 20,440.00 |
| | | **TOTAL** | **$ 128,440.00** | **$ 127,540.00** | **$ 127,540.00** |

True and correct copies of the Invoices are attached and incorporated, collectively, as Exhibit A.

14.     In the chart set forth in paragraph 13, above, Plaintiff has credited Produce Depot with $900.00 remaining from the second advance of $250,000.00 paid by Produce Depot, after crediting all prior sales of Produce by Plaintiff.

15.    Plaintiff sold the Avocados, grown and harvested in Mexico and referenced in paragraph 13, to defendant Produce Depot in the stream of interstate and foreign commerce from Plaintiff's warehouse in Texas to defendant Produce Depot's trucks for delivery in New York.

16.    Defendant Produce Depot accepted all of the Avocados under the Invoices.

17.    Defendant Produce Depot has failed to pay for the Produce referenced in paragraph 13, despite demand.

18.    At all relevant times, and from November 7, 2019, to date, defendant Produce Depot has been a licensed dealer of perishable agricultural commodities with the United States Department of Agriculture ("USDA") PACA Division, under license number 20200157, and was engaged in the business of buying perishable agricultural commodities in wholesale or jobbing quantities in interstate commerce, such quantities meaning one (1) ton or more in weight on any day received or contracted to be received in any one (1) day in the calendar year, under 7 U.S.C. § 499a(b)(6) and 7 C.F.R. § 46.2(x).

19.    Plaintiff is licensed under the USDA PACA Division under license number 20160331, and has been so licensed since January 19, 2016, and throughout the period of the transactions which are the subject of this lawsuit.

20.    Plaintiff preserved its interests as a PACA trust beneficiary under 7 U.S.C. § 499e(c), with respect to the PACA Amounts, for its Avocado sales referenced in paragraph 13, above, as well as interest at 1½ % per month (18% annually), or the highest rate permitted by law, attorneys' fees, and collection costs, by including the requisite statutory information and notifications on its Invoices sent to defendant Produce Depot in the ordinary course of business.

21.    Pursuant to 7 U.S.C. § 499e(c) and regulations promulgated thereunder, Plaintiff, with respect to the PACA Amounts, plus interest, attorneys' fees, and collection costs (also,

hereinafter, comprehended within the term "PACA Amounts"), is the beneficiary of a statutory trust res consisting of all Produce supplied by Plaintiff and others to defendant Produce Depot, all inventories of food and other products derived by defendant Produce Depot from this Produce, and all receivables and proceeds derived from the sale of the Produce and its products in a nonsegregated "floating" trust.

22.     The PACA trust for Plaintiff's benefit also consists of all defendant Produce Depot's property into which trust assets described in paragraph 21, above, have been commingled or dissipated.  The assets referenced in this paragraph and in paragraph 21 are collectively referred to as the "PACA Trust Fund."

23.     Plaintiff became eligible to participate in the PACA trust for its benefit at the times its shipments of Avocados covered by the PACA trust were received and accepted by Defendant Produce Depot.

24.     Plaintiff, as PACA trust beneficiary, is entitled to immediate payment from the PACA Trust Fund until it is paid in full.

25.     All assets of defendant Produce Depot are subject to the PACA trust for the benefit of Plaintiff and comprehended within the PACA Trust Fund unless the contesting party can prove otherwise.

26.     On or about September 27, 2020, Produce Depot and Plaintiff each filed informal complaints (the "Informal Complaints") against the other with the USDA PACA Division under 7 U.S.C. § 499f and 7 C.F.R. § 47.3(a)(1), each claiming the right to be compensated by the other in the amount of $132,844.00 in connection with Plaintiff's sales of the Avocados.

27.     During the first quarter of 2021, Produce Depot became delinquent in paying its Produce suppliers and ceased regular business operations around April 1, 2021.

6

28.    As a result of Produce Depot's delinquencies in payment, several suppliers of Produce to Produce Depot filed or threatened to file PACA trust enforcement actions in this Court during the first quarter of 2021, including Mascari Enterprises, Inc. (filed January 22, 2021), Northeast Banana Corp. (filed February 3, 2021), New Eastern Fresh Produce Corp. (filed March 15, 2021), El Sol Brands, Inc. (filed March 15, 2021), and Avocado Oil de Mexico, Inc. (threatened March 17, 2021).

29.    With respect to each of the entities referenced in paragraph 28, one or more of the Controlling Persons provided for substantial payment of the amounts claimed by the creditors referenced in that paragraph and the filed actions were all settled and terminated, and the threatened action was settled and never filed.

30.    On May 20, 2021, the PACA Division, through the director of its Western Regional Office, issued written analyses with respect to each of the Informal Complaints filed by Plaintiff and Produce Depot, and found that Produce Depot owed Plaintiff $127,540.00, the principal amount claimed in this action by Plaintiff.

31.    Plaintiff has abandoned its action in the USDA PACA Division and has elected not to proceed to a reparation award in the USDA PACA Division under 7 U.S.C. §§ 499f and 499g and 7 C.F.R. § 47.6, but, instead, has elected to pursue the instant action in federal district court.

32.    To date, Plaintiff has not been paid the amounts due under the Invoices.

### COUNT I
**(To Recover Trust Benefits From
Defendants Under 7 U.S.C. §499e(c)(5))**

33.    Plaintiff incorporates by reference the averments of paragraphs 1-32.

34.    Defendants are in possession, custody, or control of assets subject to the PACA trust for the benefit of Plaintiff.

35.     Defendants are obligated to collect defendant Produce Depot's accounts receivable and other assets which may be impressed with the PACA trust for the benefit of Plaintiff and immediately turn over such assets to Plaintiff to satisfy Plaintiff's PACA Amounts.

36.     Defendant Produce Depot has failed to pay its bills as they fall due with respect to Plaintiff.

37.     At least five other suppliers of Produce to Produce Depot have filed suit or threatened to file suit for failures to pay for Produce, resulting in one or more Controlling Persons having to pay Produce Depot's debts arising from its Produce purchases.

38.     Based upon Produce Depot's failures to pay Plaintiff and other Produce creditors, upon information and belief, Produce Depot lacks freely available PACA Trust Fund assets with which to pay Plaintiff the PACA Amounts.

39.     Defendants have dissipated PACA Trust Fund assets or have delivered these assets into the possession of third parties, to the detriment of Plaintiff as a PACA trust beneficiary.

40.     Defendants have failed to preserve the statutory trust required under 7 U.S.C. § 499e(c)(3), for the benefit of Plaintiff and others, thereby breaching defendant Produce Depot's fiduciary duties to Plaintiff.

41.     Defendants are liable to Plaintiff for the dissipation of the PACA Trust Fund assets to the extent of $127,540 in principal, plus contractual interest at 18% per year or the highest rate permissible by law, attorneys' fees, and costs.

WHEREFORE, Plaintiff prays as follows:

(a)     that Defendants be declared to hold the above-described PACA Trust Fund assets as trustees for the sole and exclusive benefit of Plaintiff and other similarly situated PACA trust creditors of Produce Depot;

(b)      that Defendants be ordered to assign, transfer, deliver and turn over to Plaintiff all of the above described PACA Trust Fund sufficient to allow Plaintiff to liquidate it and to recover therefrom the sum of $127,540 plus contractual interest at 18% per year or the highest rate permissible by law from the due date of each Invoice, attorneys' fees, and costs, all of which amounts are covered by the PACA trust;

(c)      that judgment be entered in favor of Plaintiff and against Defendants in the principal amount of $127,540 plus contractual interest at 18% per year or the highest rate permissible by law from the due date of each Invoice, attorneys' fees, and costs;

(d)      that Plaintiff be declared a qualified PACA trust creditor of defendant Produce Depot to the extent of $127,540 plus interest at 18% per year or the highest rate permissible by law from the due date of each Invoice, attorneys' fees, and costs;

(e)      that Plaintiff be awarded attorneys' fees for establishing a common fund for the benefit of all unpaid qualified PACA trust creditors of Produce Depot;

(f)      that until the entry of the relief requested here and compliance with it by Defendants, that Defendants, their agents, employees, representatives, and banking institutions, be restrained and enjoined from in any way, directly or indirectly, transferring, assigning, or otherwise disposing of the above-described PACA Trust Fund or any interest therein, in whole or in part, absolutely or as security;

(g)      that Defendants collect from all third parties for the benefit of Plaintiff and other duly qualified PACA trust beneficiaries and immediately turn over to Plaintiff all sums subject to the PACA Trust Fund or improperly dissipated by Defendants including, but not limited to, accounts receivable, to the extent of $127,540 plus interest at 18% per year or the highest rate permissible by law from the due date of each Invoice, attorneys' fees, and costs;

(h)    that Defendants immediately account to Plaintiff for all perishable agricultural commodities, inventories of food or other products derived from such perishable agricultural commodities and all receivables or proceeds from the sale of such commodities and food or other products, in Defendants' possession, custody or control;

(i)    that Defendants immediately account to Plaintiff for any and all perishable agricultural commodities, inventories of food or other products derived from such perishable agricultural commodities, and any and all receivables or proceeds from the sale of such commodities and foods or other products in connection with Produce Depot's business, in any way having been distributed or disposed of, directly or indirectly, in whole or in part, absolutely or as security by Defendants or any other person, since the inception of Produce Depot's business or the most recent date when no produce sellers to defendant Produce Depot were extended on credit, whichever is later, describing the property involved, the recipient, date and purpose of distribution;

(j)    that Defendants segregate and escrow all proceeds from Defendant Produce Depot's produce sales in a trust account with Plaintiff's counsel as escrow agent, no withdrawals to be made therefrom without further order of the Court;

(k)    that Defendants turn over to Plaintiff records of all of defendant Produce Depot's organizational documents, accounts payable and receivable records, bank statements and all journals and ledgers of operations, accounts, and payments; and

(l)    for such other and further relief the Court may deem just and proper.

## **COUNT II**

**(To Recover Damages for Unlawful Conduct of
Defendant Produce Depot Under 7 U.S.C. § 499b(2) and (4) and 7 U.S.C. § 499e(b)(2))**

42.    Plaintiff incorporates by reference the averments of paragraphs 1-41.

43.     Defendant Produce Depot has failed or refused truly and correctly to account and make full payment promptly to Plaintiff respecting the transactions in Produce set forth in paragraph 13, above, in the principal amount of $127,540 in violation of 7 U.S.C. § 499b(4).

44.     Defendant Produce Depot has failed to maintain the trust for the benefit of Plaintiff as required under 7 U.S.C. § 499e(c) in violation of 7 U.S.C. §4 99b(4).

WHEREFORE, Plaintiff prays that this Court enter judgment in favor of Plaintiff and against defendant Produce Depot in the principal amount of $127,540 plus contractual interest at 18% per year or the highest rate permissible by law from the due date of each Invoice, attorneys' fees, and costs.

## COUNT III

### (Breach of Contract Against Defendant Produce Depot)

45.     Plaintiff incorporates by reference the averments of paragraphs 1-41.

46.     As a result of having failed to pay Plaintiff for Produce sold and supplied to defendant Produce Depot by Plaintiff, Defendant Produce Depot is in breach of its contractual obligations to Plaintiff, resulting in damages to Plaintiff in the principal amount of $127,540 plus contractual interest at 18% per year or the highest rate permissible by law from the due date of each Invoice, attorneys' fees, and costs.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in favor of Plaintiff and against defendant Produce Depot in the principal amount of $127,540 plus contractual interest at 18% per year or the highest rate permissible by law from the due date of each Invoice, attorneys' fees, and costs.

## COUNT III

**(Breach of Fiduciary Duty of
Defendants Balzano, Ruelas, Felix and Russo)**

47.    Plaintiff incorporates by reference the averments of paragraphs 1-41.

48.    At all relevant times and since the inception of Produce Depot's business operations, Controlling Persons have controlled Produce Depot in the following capacities:

a. Balzano, as managing member and check signatory:

b. Ruelas, as majority membership interest owner;

c. Felix, as manager; and

d. Russo, as president.

49.    At all relevant times and since the inception of Produce Depot's business, defendant Controlling Persons directed the disposition of assets subject to the PACA Trust Fund for Plaintiff's benefit by transferring these assets or causing these assets to be transferred to third parties and/or acting as check signatories on behalf of defendant Produce Depot in doing so, or otherwise permitting these assets to be dissipated.

50.    Because defendant Controlling Persons have controlled defendant Produce Depot and defendant Produce Depot unlawfully has failed to pay PACA trust benefits to Plaintiff promptly, and Produce Depot has terminated its business with insufficient funds to pay its Produce suppliers, Plaintiff believes, and therefore avers, that defendant Controlling Persons have recklessly dissipated PACA Trust Fund assets or delivered these assets into the possession of third parties, to the detriment of Plaintiff as a PACA trust beneficiary.

52.    Defendant Controlling Persons, as the controlling persons, recklessly caused or otherwise permitted defendant Produce Depot to fail to preserve the statutory trust required under

7 U.S.C. § 499e for the benefit of Plaintiff, thereby breaching defendant Controlling Persons' fiduciary duties to Plaintiff.

53.    Defendant Controlling Persons are personally liable to Plaintiff for defendant Produce Depot's defalcations and the dissipation of defendant Produce Depot's PACA Trust Fund assets in the amount of $127,540, plus contractual interest at 18% per year or the highest rate permissible by law from the due date of each Invoice, attorneys' fees, and costs.

WHEREFORE, Plaintiff prays as follows:

(a) that Defendant Controlling Persons be declared to have violated PACA and the regulations promulgated thereunder;

(b) that this Court enter judgment in favor of Plaintiff and against Defendant Controlling Persons for breach of their fiduciary duties and defalcation while acting in a fiduciary capacity under PACA, jointly, severally and individually, in the principal amount of $127,540 plus contractual interest at 18% per year or the highest rate permissible by law from the due date of each Invoice, attorneys' fees, and costs; and

(c) for such other and further relief the Court may deem just and proper.

WHITEMAN, BANKES & CHEBOT, LLC

Dated: July 16, 2021                    By: /s/ Jeffrey M. Chebot                    /
      Wyncote, Pennsylvania              Jeffrey M. Chebot (JC-8441)
                                       Suite 210, Constitution Place
                                       325 Chestnut Street
                                       Philadelphia, PA 19106
                                       T (215) 829-0014
                                       F (215) 829-0059
                                     email: jchebot@wbc-lawyers.com

                                   Attorneys for Plaintiff Prometo Produce Corp.

# EXHIBIT A

# Prometo Produce Corporation



31900 Mission Trail Suite 215 Lake Elsinore, CA 92530 United States

# Invoice 18878

**To:**
Produce Depot USA LLC
1341 Garrison Ave
Bronx, NY 10474
United States

**Description:**
PO: PD011

**Invoice Date:**
08/21/2020

**Source:**
SO105175

**Reference:**
PO: PD011

| Description of Goods | QTY/CTNS | Unit Price | Freight | Unit Total | Amount |
|---|---|---|---|---|---|
| HASS AVOCADOS MEXICAN [Prometo 25.0 lb(s) 48's I] | 800.000 | 27.000 | 0.0 | $ 27.00 | $ 21,600.00 |
| HASS AVOCADOS MEXICAN [Prometo 25.0 lb(s) 60's I] | 640.000 | 21.000 | 0.0 | $ 21.00 | $ 13,440.00 |
| HASS AVOCADOS MEXICAN [Prometo 25.0 lb(s) 84's I] | 160.000 | 17.000 | 0.0 | $ 17.00 | $ 2,720.00 |

| Payments | |
|---|---|
| **Total** | $ 37,760.00 |
| Balance | $ 37,760.00 |

_____          _____
by Customer or Consignee                by Prometo Produce Corporation

**Due Date:** 08/24/2020

**Terms and Conditions:** The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

A finance charge calculated at the rate of 1½% per month (18% annually), or at the highest rate permitted by law, will be applied to all past due accounts. In addition, should any action be commenced between the parties to this contract concerning the sums due or the rights and duties of any party to this contract or the interpretation of this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in bringing the action and/or enforcing any judgment granted in the action.

All sales FOB, no grade contract. All claims must be reported by written notice received by seller within 24 hours of arrival and supported by acceptable USDA inspection certificates. No deductions allowed without prior written authorization from seller.



## Prometo Produce Corporation

31900 Mission Trail Suite 215 Lake Elsinore, CA 92530 United States

# Invoice 18965

**To:**
Produce Depot USA LLC
1341 Garrison Ave
Bronx, NY 10474
United States

| **Invoice Date:** | **Source:** | **Reference:** |
|---|---|---|
| 09/03/2020 | SO105260 | SO105260 |

| Description of Goods | QTY/CTNS | Unit Price | Freight | Unit Total | Amount |
|---|---|---|---|---|---|
| HASS AVOCADOS MEXICAN [Prometo 25.0 lb(s) 32's I] | 80.000 | 37.000 | 0.0 | $ 37.00 | $ 2,960.00 |
| HASS AVOCADOS MEXICAN [Prometo 25.0 lb(s) 40s I] | 480.000 | 32.500 | 0.0 | $ 32.50 | $ 15,600.00 |
| HASS AVOCADOS MEXICAN [Prometo 25.0 lb(s) 48's I] | 320.000 | 26.500 | 0.0 | $ 26.50 | $ 8,480.00 |

| **Payments** | |
|---|---|
| **Total** | $ 27,040.00 |
| Balance | $ 27,040.00 |

_____          _____
by Customer or Consignee                          by Prometo Produce Corporation

**Due Date:** 09/14/2020

**Terms and Conditions:** The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

A finance charge calculated at the rate of 1½% per month (18% annually), or at the highest rate permitted by law, will be applied to all past due accounts. In addition, should any action be commenced between the parties to this contract concerning the sums due or the rights and duties of any party to this contract or the interpretation of this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in bringing the action and/or enforcing any judgment granted in the action.

All sales FOB, no grade contract. All claims must be reported by written notice received by seller within 24 hours of arrival and supported by acceptable USDA inspection certificates. No deductions allowed without prior written authorization from seller.

**Prometo Produce Corporation**



31900 Mission Trail Suite 215 Lake Elsinore, CA 92530 United States

# Invoice 18963

**To:**
Produce Depot USA LLC
1341 Garrison Ave
Bronx, NY 10474
United States

| **Description:** | **Invoice Date:** | **Source:** |
|---|---|---|
| PO: PD012 | 09/04/2020 | SO105245 |

**Reference:**
PO: PD012

| Description of Goods | QTY/CTNS | Unit Price | Freight | Unit Total | Amount |
|---|---|---|---|---|---|
| HASS AVOCADOS MEXICAN [Prometo 25.0 lb(s) 48's I] | 1,280.000 | 27.000 | 0.0 | $ 27.00 | $ 34,560.00 |
| HASS AVOCADOS MEXICAN [Vida Digna 25.0 lb(s) 48s I] | 320.000 | 27.000 | 0.0 | $ 27.00 | $ 8,640.00 |

| **Payments** | |
|---|---|
| **Total** | $ 43,200.00 |
| Balance | $ 43,200.00 |

_____
by Customer or Consignee

_____
by Prometo Produce Corporation

**Due Date:** 09/14/2020

**Terms and Conditions:** The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

A finance charge calculated at the rate of 1½% per month (18% annually), or at the highest rate permitted by law, will be applied to all past due accounts. In addition, should any action be commenced between the parties to this contract concerning the sums due or the rights and duties of any party to this contract or the interpretation of this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in bringing the action and/or enforcing any judgment granted in the action.

All sales FOB, no grade contract. All claims must be reported by written notice received by seller within 24 hours of arrival and supported by acceptable USDA inspection certificates. No deductions allowed without prior written authorization from seller.



## Prometo Produce Corporation

31900 Mission Trail Suite 215 Lake Elsinore, CA 92530 United States

# Invoice 18964

**To:**
Produce Depot USA LLC
1341 Garrison Ave
Bronx, NY 10474
United States

| **Invoice Date:** | **Source:** | **Reference:** |
|---|---|---|
| 09/05/2020 | SO105261 | SO105261 |

| Description of Goods | QTY/CTNS | Unit Price | Freight | Unit Total | Amount |
|---|---|---|---|---|---|
| HASS AVOCADOS MEXICAN [Prometo 25.0 lb(s) 48's I] | 240.000 | 26.500 | 0.0 | $ 26.50 | $ 6,360.00 |
| HASS AVOCADOS MEXICAN [Prometo 25.0 lb(s) 60's I] | 400.000 | 22.000 | 0.0 | $ 22.00 | $ 8,800.00 |
| HASS AVOCADOS MEXICAN [Vida Digna 25.0 lb(s) 60s I] | 240.000 | 22.000 | 0.0 | $ 22.00 | $ 5,280.00 |

| **Payments** | |
|---|---|
| **Total** | **$ 20,440.00** |
| Balance | $ 20,440.00 |

_____     _____
by Customer or Consignee       by Prometo Produce Corporation

**Due Date:** 09/14/2020

**Terms and Conditions:** The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

A finance charge calculated at the rate of 1½% per month (18% annually), or at the highest rate permitted by law, will be applied to all past due accounts. In addition, should any action be commenced between the parties to this contract concerning the sums due or the rights and duties of any party to this contract or the interpretation of this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in bringing the action and/or enforcing any judgment granted in the action.

All sales FOB, no grade contract. All claims must be reported by written notice received by seller within 24 hours of arrival and supported by acceptable USDA inspection certificates. No deductions allowed without prior written authorization from seller.

THE FIERST LAW GROUP, P.C.
Timothy J. Fierst (TF3247)
462 Sagamore Avenue, Suite 2
East Williston, New York  11596
(516) 586-4221
tfierst.law@gmail.com

*Attorneys for Defendants Produce Depot USA LLC,*
*Gaetano Balzano a/k/a Guy Balzano and Luis Ruelas*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
PROMETO PRODUCE CORP.,

                    Plaintiff,              Case No. 21-cv-6131

     Against                    **ANSWER**

PRODUCE DEPOT USA LLC, GAETANO BALZANO
a/k/a GUY BALZANO, LUIS RUELAS, MICHAEL E. FELIX,
and YOLANDA RUSSO,

                    Defendants.

     The defendants, PRODUCE DEPOT USA LLC ("Produce"), GAETANO BALZANO

a/k/a GUY BALZANO ("Guy") and LUIS RUELAS ("Luis") (collectively, the "Defendants")

by and through their attorneys, The Fierst Law Group, P.C., as and for their Answer to the

Complaint of the Plaintiff dated July 16, 2021 (the "Complaint"), respectfully alleges as follows:

     1.      Admits the allegations contained within paragraphs 3a, 3b, 3c and 26 to the

Complaint.

     2.      Denies the allegations contained within paragraphs 16, 17, 18, 27, 30, 32, 34, 35,

36, 39, 40, 41, 43, 44, 46, 48, 49, 50, 52 and 53 to the Complaint.[1]

     3.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained within paragraphs 1, 2, 3d, 3d (double labelled as 3d in the Complaint), 4,

---

[1] The Complaint is missing a paragraph enumerated "51."

5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 19, 20, 21, 22, 23, 24, 25, 28, 29, 31, 33, 37, 38, 42, 45 and 47 to the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

4.    Plaintiff's Complaint fails to allege facts that state any claim upon which relief can be granted because, among other reasons, the parties' distribution relationship, if any, was terminable at will and subject to credits agreed upon by Plaintiff's owner.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

5.    Plaintiff has failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained, and any recovery by Plaintiff must be diminished or barred by reason thereof.

### THIRD AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

6.    Plaintiff is estopped from its own conduct from asserting the claim upon which it seeks relief, including but not limited to Plaintiff's agreement to provide Defendants with a credit for all sums allegedly due.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

7.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

8.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver as a result of the Plaintiff's owner's agreement to a credit to the Defendants.

## SIXTH AFFIRMATIVE DEFENSE
### (No Damages)

9.      Plaintiff's claims are barred in whole or in part because Plaintiff has not been

harmed and has suffered no damages as a result of the conduct upon which it now complains, as

the produce which the Plaintiff relies upon suffered year end quality issues for which credits

were provided.

## SEVENTH AFFIRMATIVE DEFENSE
### (Full and Complete Performance)

10.     The Defendants have appropriately. Completely, and fully performed and

discharged any and all obligations and legal duties arising out of the matters alleged in the

Complaint, except to the extent that such obligations were prevented, discharged, waived or

excused by the actions and conduct of Plaintiff and/or third parties.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

11.     Plaintiff would be unjustly enriched to the detriment of the Defendants if

permitted to recover on the Complaint.

## NINTH AFFIRMATIVE DEFENSE
### (Offset)

12.     Any recovery by the Plaintiff should be offset by all amounts due and owing to

the Defendants.

## TENTH AFFIRMATIVE DEFENSE
### (Documentary Evidence)

13.     Plaintiff's claims are barred in whole or in part by the documentary evidence in

this action including but not limited to emails between representatives of the parties.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Additional Affirmative Defenses)

14.     The Defendants hereby state that they do not presently know all facts concerning

the conduct of the Plaintiff and its claim sufficient to state all affirmative defenses at this time.

Defendants will seek to amend this Answer should it later discover facts demonstrating the

existence of additional affirmative defenses.

## AS AND FOR A FIRST COUNTERCLAIM
### (Breach of Contract)

## PARTIES

15.    At all relevant times, upon information and belief, Plaintiff was and is a

California corporation with an office and principal place of business at 31900 Mission Trail,

Suite 215, Lake Elsinore, California 92530.

16.    Defendant Produce is a New York limited liability company with its place of

business located at 1341 Garrison Avenue, Bronx, New York 10474.

17.    Defendant Guy is an individual residing at 6 Mohegan Trail, Saddle River, New

Jersey 07458.

18.    Defendant Luis is an individual residing at 62 Burtwood Court, Allendale, New

Jersey 07401.

## JURISDICTION AND VENUE

19.    This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §1367(a)

in that claims brought by the Defendants against Plaintiff arise out of the same transactions and

occurrences that are the subject matter of the claims brought by Plaintiff against the Defendants.

20.    Moreover, pursuant to Fed.R.Civ.P. 13(a), the counterclaim of the Defendants

against the Plaintiff are compulsory.

21.    Venue lies in the United States District Court for the Southern District of New

York pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving

rise to the claim occurred in this District.

## STATEMENT OF FACTS

22.    The Defendants and Vicente Diaz Moreno, the owner of the Plaintiff, entered into discussions whereby the Plaintiff represented themselves to the Defendants to be growers of avocados in Mexico.

23.    The discussions between the Defendants and Plaintiff were that the Plaintiff was to supply Produce with certain avocados on a consignment basis, to be resold by Produce.

24.    In return for the Plaintiff to supply Produce with avocados on a consignment basis, the Plaintiff and Defendants agreed that the Defendants would wire the total sum of $500,000 to Plaintiff to advance payment for the avocados grown and delivered by the Plaintiff.

25.    In furtherance of the agreement between the Defendants and Plaintiff, the Defendants wired two (2) separate payments of $250,000 each to the Plaintiff, and Produce began receiving avocados from Plaintiff.

26.    It was later determined that the representations made by Plaintiff that it was growers of avocados, which was relied upon by the Defendants, was not accurate, and the Plaintiff merely acts as a "broker" for the sale of avocados.

27.    The avocados which were furnished to the Defendants by the Plaintiff pursuant to the agreement with the Defendants suffered various end of season defects and were not of the quality necessary or appropriate for resale.

28.    Representatives of the Defendants discussed the quality defects with Vicente Diaz Moreno.

29.    Vicente Diaz Moreno travelled to New York and met with representatives of the Defendants to discuss the quality defects suffered by the avocados.

30.     Vicente Diaz Moreno agreed with Defendants that the Plaintiff would provide a "price after sale" price adjustment which would be repaid to the Defendants as a result of the quality defects of the avocados.

31.     The price adjustment which was agreed by the Plaintiff was in the sum of $132,844.

32.     To that end, on or about September 19, 2020, Produce invoiced the Plaintiff for the sum of $132,844 representing the credit owed to the Defendants as agreed to by Vicente Diaz Moreno.

33.     The Plaintiff failed and refused to repay the sum of $132,844 to the Defendants as agreed notwithstanding due demand by the Defendants for payment pursuant to their agreement, which the Plaintiff has now breached.

## AS AND FOR A SECOND COUNTERCLAIM
### (Fraudulent Misrepresentation in Violation of PACA)

34.     The Defendants repeat and reallege each and every allegation contained within paragraphs 15 through 33 as if set forth fully at length.

35.     Plaintiff has misrepresented itself to be a grower of produce when the Plaintiff has merely acted as a broker for that produce.

36.     The Defendants relied upon the representation of the Plaintiff that it was a direct grower of avocados and in doing so, wired the sum of $500,000 directly to the Plaintiff to further their agreement.

37.     The misrepresentation of the Plaintiff as to its status is in violation of the Perishable Agricultural Commodities Act ("PACA"), specifically, 7 U.S.C. §499b, *et. seq.*

38.     The Defendants relied upon the representation of the Plaintiff and in doing so, has been damaged by obtaining avocados with certain quality defects, which the owner of Plaintiff has acknowledged.

39.     It was not until the Defendants filed an administrative claim with the United States Department of Agriculture that the Plaintiff has refused to comply with its agreement with the Defendants and repay the price adjustment to the Defendants.

40.     As such, the Defendants have been damaged by the Plaintiff's misrepresentation.

## PRAYER FOR RELIEF

**WHEREFORE,** the Defendants pray that this Court:

(a) Dismiss the Plaintiff's Complaint;

(b) Award the Defendants damages in the amount of $132,844 plus pre- and post-judgment interest on the Defendants' First Counterclaim;

(c) Award the Defendants damages in an amount to be determined at trial, but in no event less than $250,000 plus pre- and post- judgment interest on the Defendants' Second Counterclaim; and

(d) Such other and further relief as to the Court is deemed just and proper.

Dated:  East Williston, New York
        August 31, 2021

Yours, etc.

**THE FIERST LAW GROUP, P.C.**
*Attorneys for the Defendants Produce Depot
USA LLC, Gaetano Balzano a/k/a Guy
Balzano and Luis Ruelos*

By: _____
        Timothy J. Fierst (TF:3247)
462 Sagamore Avenue, Suite 2
East Williston, New York  11596
(516) 586-4221
Tfierst.law@gmail.com