UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re                                                                              Case No. 22-40412 (ESS)

PRODUCE DEPOT USA LLC,                                            Chapter 11

                                     Debtor.
---------------------------------------------------------X

## DECLARATION OF RACHEL B. WOLF IN SUPPORT OF MOTION TO SHORTEN TIME

Pursuant to 28 U.S.C. § 1746, Rachel B. Wolf declares as follows:

1. I am a trial attorney in the Office of the United States Trustee for Region 2. I have knowledge and information about the chapter 11 bankruptcy case of Produce Depot USA LLC (the "Debtor"). I submit this Declaration in support of the Motion of the United States Trustee to Shorten Notice on the United States Trustee's Motion, Pursuant to 28 U.S.C. §§ 1406, 1408 and Fed. Bankr. Rule P. 1014 to Transfer This Case to the Appropriate Venue to the District of New Jersey Or, In the Alternative, to the Southern District of New York (the "Motion to Shorten Time").

2. As of the date of the Transfer Motion, the Debtor has not provided sufficient proof that it is properly venued in this District. The Debtor's Petition lists a Brooklyn address and avers that venue is appropriate in this District. ECF Doc. No. 1, Petition. The Debtor, through its representative, testified at the 341(a) Meeting of Creditors that prior to ceasing operations in mid-2021, it sold goods to a customer in Brooklyn. On its Statement of Financial Affairs, it listed as being a defendant in two lawsuits pending in the Southern District of New York (the "PACA Cases"). ECF Doc. No. 27, Question 11. By its Answers to the Complaints

1

filed in the PACA Cases, the Debtor admitted its principal place of business is in the Southern District of New York. *See* Exs. B, C to the Transfer Motion. The Debtor's Amended Schedule A/B does not list any assets located in the Eastern District of New York. ECF Doc. No. 26, Amended Schedule A/B.

3. As of the Petition Date, the Debtor ceased operations. The Debtor's exit strategy consists of settling with the PACA Creditors and obtaining releases for the majority shareholder and one minority shareholder, Gaetano Balzano, who filed a petition for bankruptcy relief for individuals under Chapter 11 in the District of New Jersey. The Debtor also represented that it will not restart operations at any time in the near future. The PACA Creditors appear to be one of twenty-give scheduled creditors on the Debtor's Schedule E/F, and the purported settlement agreement does not resolve all of the Debtor's debt. *See* ECF Doc. Nos. 1, 28.

4. The United States Trustee filed the Motion to Shorten Time because of the Debtor's failure to show: a) that it is properly venued in this District and b) has not demonstrated that it meet the statutory requirements of 28 U.S.C. §§ 1406, 1408. An immediate hearing on the Transfer Motion will minimize the chance that the Debtor's estate will suffer a loss due to the inappropriate adjudication of the Debtor's case.

5. The United States Trustee has not previously filed an application for similar relief.

I declare under penalty of perjury that the information contained in this Declaration is true and correct.

Dated: New York, New York
      May 27, 2022

                                    */s/ Rachel B. Wolf*
                                    Rachel B. Wolf