Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
In re:

    Produce Depot USA LLC,

                    Debtor.
------------------------------------------------------------X

Case No: <u>1-22-40412-ess</u>
Chapter 11

**DEBTOR'S OBJECTION**
**TO THE MOTION OF UNITED STATES TRUSTEE, PURSUANT TO 28 U.S.C. §§ 1406, 1408 AND FED. R. BANKR. P. 1014(a)(1), TO TRANSFER VENUE OF THIS CASE TO THE DISTRICT OF NEW JERSEY OR, IN THE ALTERNATIVE THE SOUTHERN DISTRICT OF NEW YORK**

**TO THE HONORABLE ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE:**

Produce Depot USA LLC, the Debtor and Debtor in Possession, by and through its counsel Alla Kachan, Esq. of Law Offices of Alla Kachan, P.C., respectfully submits this Objection ("Objection") the motion of the US Trustee, pursuant to Sections 1406(a), 1408 of title 28, United States Code ("Title 28") and Rule 1014(a)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to transfer venue of this case to the District of New Jersey or, in alternative the Southern district of New York (the "Motion"). In further opposition thereof, the Debtor respectfully represents as follows:

**INTRODUCTION**

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157(a)-(b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On March 2, 2022, Produce Depot USA LLC filed a voluntary bankruptcy petition with this Court for relief under chapter 11 of title 11, United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code"). *See ECF Doc. No. 1.*

3. Under Bankruptcy Code §§ 1107 and 1108, the Debtors retain possession of their assets and are authorized, as the Debtors in Possession, to continue to operate and manage its business.

4. On May 27, 2022, the US Trustee filed a motion, pursuant to Sections 1406(a), 1408 of title 28, United States Code ("Title 28") and Rule 1014(a)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to transfer venue of this case to the District of New Jersey or, in alternative the Southern district of New York. *See ECF Doc. No. 29.*

5. In the referenced motion the US Trustee asserted that Debtor has not demonstrated that the Eastern District of New York ("EDNY") is the proper venue under Section 1408(1) or (2) as upon 341 meeting testimony, prior to ceasing operations, the Debtor had its principal place of business in Bronx, New York and relocated the Debtor's books and records to Balzano's office in New Jersey. The US Trustee further based their objection on the fact that Debtor is a defendant in two earlier filed actions, pending in the United States District Court for the Southern District of New York.

6. On June7, 2022. The Debtor filed their Affidavit pursuant to E.D.N.Y. LBR 1007-4. *See ECF Doc. No. 38.*

7. The Debtor opposes the position of the US Trustee, and respectfully asks this Court to deny the motion for the forgoing reasons.

**ARGUMENT**

8.      Title 28 of the United States Code, Section 1408 paragraph 1 sets forth the rule for venue in voluntary and involuntary bankruptcy cases. In plain language, the section states that the debtor should file their bankruptcy petition in the district where either their domicile, residence, principal place of business, or principal assets have been located <u>for the longest portion of the 180 days preceding the bankruptcy filing</u>. *28 U.S.C. § 1408(1).*

9.      Further, pursuant to 28 U.S.C. § 1412, a court must grant relief if it is established either that the transfer of venue is in the "interest of justice" or "for the convenience of the parties." Section 1412 is written in the disjunctive, which means "interest of justice" and "convenience of parties" are each independent grounds for transferring venue. *In re Dunmore Homes, Inc., 380 B.R. 663, 670 (Bankr. S.D.N.Y. 2008); Enron Corp. v. Arora (In re Enron Corp.), 317 B.R. 629, 637 (Bankr. S.D.N.Y. 2004).* The decision to transfer venue is within the discretion of the court, as evidenced by the use of the permissive "may" *in section 1412. Id. at 638.*

10.     Further, the decision of whether to transfer venue under section 1412 is within a court's discretion based on a case-by-case analysis of equity and convenience. *See In re Manville Forest Products, Corp., 896 F.2d 1384, 1391 (2d Cir. 1990).* Transferring venue of a bankruptcy case is not to be taken lightly and a debtor's choice of forum is entitled to great weight if venue is proper. *See Commonwealth Oil Refining Co., 596 6 F.2d at 1241; In re Ocean Properties of Delaware, Inc., 95 B.R. 304, 305 (Bankr. D. Del. 1988); In re Seton Chase Assoc., Inc., 141 B.R. 2, 5 (Bankr. E.D.N.Y. 1992); In re Vienna Park Properties, 125 B.R. 84, 87 (S.D.N.Y. 1991).* "The party moving for change of venue bears the burden of proof and that burden must be carried by a preponderance of the evidence." *Manville, 896 F.2d at 1390 (affirming bankruptcy court's refusal to transfer an adversary proceeding); Commonwealth of Puerto Rico v. Commonwealth Oil Refining Co., Inc. (Matter of Commonwealth Oil Refining Co., Inc.), 596 F.2d 1239, 1241 (5th*

*Cir. 1979) ("CORCO")*.

11. In Manville, the Second Circuit considered the benefits of the current court's familiarity with the case and facts and the lag time of the receiving court's learning curve. *In re Enron Corp.*, 274 B.R. at 349–50 (citing *Manville*, 896 F.2d at 1391). There, the moving party sought to transfer the venue of an adversary proceeding involving Louisiana law from New York, the district handling the main bankruptcy case, to Louisiana. *Manville*, 896 F.2d at 1387–88. The bankruptcy court that originally denied the motion found that while the convenience of the parties and witnesses favored transferring venue, the economic and efficient administration of the case weighed in favor of retaining venue of the adversary proceeding. The court held that it was inappropriate to shift the burden of the case to another court because the bankruptcy court had already developed a substantial learning curve. *Id. at 1391*. The court also found the change of venue motion untimely. *Id.*

12. The interest of justice prong has been characterized as a broad and flexible standard. *In re Enron Corp.*, 274 B.R. at 343 (citing *Manville*, 896 F.2d at 1391). The court considers whether

- (i) transfer would promote the economic and efficient administration of the bankruptcy estate;
- (ii) the interests of judicial economy would be served by the transfer;
- (iii) the parties would be able to receive a fair trial in each of the possible venues;
- (iv) either forum has an interest in having the controversy decided within its borders;
- (v) the enforceability of any judgment would be affected by the transfer; and
- (vi) the plaintiff's original choice of forum should be disturbed.

*In re Dunmore Homes, Inc.*, 380 B.R. at 672. Courts also consider the impact of the learning

curve if the case is transferred. *In re Enron Corp., 274 B.R. at 349.* In addition, courts consider the ability of interested parties to participate in the proceedings and the additional costs that might be incurred to do so. *In re B.L. of Miami, 294 B.R. at 334.*

13. The convenience of parties prong has six factors:

- (i) proximity of creditors of every kind to the court;

- (ii) proximity of the debtor;

- (iii) proximity of witnesses necessary to the administration of the estate;

- (iv) location of the assets;

- (v) economic administration of the estate; and

- (vi) necessity for ancillary administration if liquidation should result.

*In re Dunmore Homes, Inc., 380 B.R. at 676 (citing In re B.L. of Miami, 294 B.R. at 329).*

14. Among the six factors, courts have often given the most weight to the economic and efficient administration of the estate. *Id.; Commonwealth of Puerto Rico v. Commonwealth of Oil Refining Co. (In re Commonwealth Oil Refining Co.), 596 F.2d 1239, 1247 (5th Cir. 1979), cert. denied, 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980).*

15. It is the Debtor's position that the case was filed in a proper District, as while Produce Depot seized operations over 18 months ago, and therefore did not operate during the last 180 days preceding the filing of the petition, the address listed in the Debtor's Petition is the address of one of the Debtor's multiple vendors, with whom the Debtor regularly conducted business, the majority of which were similarly located in Brooklyn. The address of the last vendor with whom the Debtor conducted business while they were still operating, is also the address reflected as the Debtor's business address as a result of a simple internet search. Thus any customer, vendor or creditor searching for the Debtor's address online, would find the address correctly listed on the

Debtor's petition. The referenced search printout is attached herein as Exhibit A. In light of the foregoing facts, the consideration voiced by the Office of the UST, that the Debtor's business records were kept in Mr. Balzano's office in NJ, after the company seized operating, is not determinative.

16. Furthermore, both the interest of justice test and convenience of the parties test, correctly point to the case remaining in the Eastern District of New York for the following reasons. To date, the Debtor has reached terms of settlement resolving the two major PACA Trust Claims in the case, namely that of Prometo Produce Corp. and C.H. Robinson Worldwide, Inc (the "Stipulation"). A motion seeking court approval of the settlement under Bankruptcy Rule 9019, was filed with the court under Docket No.28 and the hearing has been scheduled for July 1st. As the proposed settlement resolves the claims of the two largest PACA Trust creditors, with the hearing set for a date that is less than a month away and the funds for the settlement are available and being held in the Debtor's DIP account, it is certainly in the interest of justice, convenience and equity, to allow the case to proceed in the Eastern District. A transfer of venue would most certainly delay the approval of the settlement, and therefore the payment hereof, thus impacting the economic interests of the major priority creditors of the estate. Thus, a transfer of venue would certainly impair the economic and efficient administration of the estate, deemed to be a key factor in making the convenience of the parties determination. *Id.; Commonwealth of Puerto Rico v. Commonwealth of Oil Refining Co. (In re Commonwealth Oil Refining Co.), 596 F.2d 1239, 1247 (5th Cir. 1979), cert. denied, 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980).*

17. Further, the learning curve concern voiced by the court in Manville, applies under the facts as well, as the court in NJ, where the related case of Gaetano Balzano is currently pending, is not familiar with the facts of the Debtor's case. See *Manville, 896 F.2d at 1387–88.* Moreso,

the 341 meeting and the IDI, as well as the initial case conference in the case have been conducted in the Eastern District. Furthermore, Judge Vincent F. Papalia, in the case of Gaetano Balzano, at the initial case conference in the individual case, held prior to the instant motion by the UST to transfer venue, suggested that the individual case be transferred to the Eastern District, as the settlement in the case of Produce Depot attains a release of Mr. Balzano's personal guarantee and will be funded from the funds held in the DIP account of Produce Depot.

18.     Accordingly, it is most certainly in the interests of judicial economy, convenience of the parties, equity and justice, as well as in the interest of all parties, for the case to be adjudicated in the Eastern District of New York.

**WHEREFORE**, the Debtor respectfully requests the entry of an Order denying Motion of the US Trustee; and any other relief which the Court deems just and proper.

Dated: Brooklyn, New York
       June 7, 2022

/s/ Alla Kachan, Esq.
Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
*Attorneys for the Debtor*
2799 Coney Island Avenue, suite 202
Brooklyn, New York 11235

# EXHIBIT A

# Overview

**Doing Business As:** Produce Depot USA LLC

**Company Description:** Produce Depot USA LLC is located in Brooklyn, NY, United States and is part of the Grocery and Related Product Merchant Wholesalers Industry. Produce Depot USA LLC has 10 total employees across all of its locations and generates $4.00 million in sales (USD).

**Key Principal:** Gaetano M Balzano

**Industry:** Grocery and Related Product Merchant Wholesalers , Merchant Wholesalers, Nondurable Goods , Wholesale Trade , Vegetables

**See other industries within the Wholesale Trade sector:** Apparel, Piece Goods, and Notions Merchant Wholesalers , Beer, Wine, and Distilled Alcoholic Beverage Merchant Wholesalers , Chemical and Allied Products Merchant Wholesalers , Drugs and Druggists' Sundries Merchant Wholesalers , Farm Product Raw Material Merchant Wholesalers , Furniture and Home Furnishing Merchant Wholesalers , Hardware, and Plumbing and Heating Equipment and Supplies Merchant Wholesalers , Household Appliances and Electrical and Electronic Goods Merchant Wholesalers

**Popular Search:**

Grocery and Related Product Merchant Wholesalers     Merchant Wholesalers, Nondurable Goods

Wholesale Trade

**Address:** 52 Center Market Street Brooklyn, NY, 11236 United States

**Website:** www.producedepotusa.com

**Employees (this site):** 10    ⓘ Actual

**Employees (all sites):** 10    ⓘ Actual

**Revenue:** $4.00 million | **Fiscal Year End:** JAN

**Year Started:** 2019

**ESG Ranking:** 5.0

**ESG Industry Average:** 2.79

What is D&B's ESG Ranking?

Is this your business? Contact us to understand how D&B calculated your company's specific ESG Ranking, provide new or updated information to ensure your company's ESG Ranking remains accurate and up to date, or dispute your current ranking.

Unlock full sales materials and reports

# Contacts

Get in Touch with 2 Principals*
A D&B Hoovers Subscription is your foot in the door to Produce Depot USA LLC contact information.

| Gaetano M Balzano | GAETANO BALZANO |
|---|---|
| Member | Member |

Dynamic search and list-building capabilities

Real-time trigger alerts

Comprehensive company profiles

Valuable research and technology reports

Get a D&B Hoovers Free Trial

# Financial Statements

Dun & Bradstreet collects private company financials for more than 23 million companies worldwide. Find out more.

Get a D&B credit report on this company

Sales in USD

**ANNUAL SALES 2020**

# $4.00 million USD

# Similar Companies Nearby

| Gurum Corporation | Jay Global Enterprises, Inc. | Tartucorp USA LLC | AR Imports & Exports LLC |