Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
In re:

    Produce Depot USA LLC,

                    Debtor.
------------------------------------------------------------X

Case No: <u>1-22-40412-ess</u>
Chapter 11

**DEBTOR'S RESPONSE TO OBJECTION**
**OF THE UNITED STATES TRUSTEE TO THE DEBTOR'S APPLICATION TO**
**EMPLOY LAW OFFICES OF ALLA KACHAN, P.C. AS COUNSEL TO THE DEBTOR**

**TO THE HONORABLE ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE:**

Produce Depot USA LLC, the Debtor and Debtor in Possession, by and through its counsel Alla Kachan, Esq. of Law Offices of Alla Kachan, P.C., respectfully submits this Response ("response") to Objection ("Objection") of the US Trustee to the application (the "Application") of Produce Depot USA LLC to retain the Law Offices of Alla Kachan, P.C. (the "Kachan Firm") as counsel to the Debtor. In further opposition thereof, the Debtor respectfully represents as follows:

### INTRODUCTION

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157(a)-(b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    On March 2, 2022, Produce Depot USA LLC filed a voluntary bankruptcy petition

with this Court for relief under chapter 11 of title 11, United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code"). *See ECF Doc. No. 1.*

3. Under Bankruptcy Code §§ 1107 and 1108, the Debtors retain possession of their assets and are authorized, as the Debtors in Possession, to continue to operate and manage its business.

4. On May 25, 2022, the Debtor filed an application to employ Law Offices of Alla Kachan as Attorney for the Debtor. *See ECF Doc. No. 24.*

5. On June 2, 2022, the Objection to the Debtor's application to employ Law Offices of Alla Kachan as Attorney for the Debtor was filed by the US Trustee. *See ECF Doc. No. 34.*

6. In the referenced objection, the US Trustee asserted that Kachan firm is not disinterested and may not be retained under Section 327(a), because Kachan firm simultaneously represent the Debtor and one of its shareholder Mr. Balzano and consequently because of their conflicting economic and legal interests, the Kachan Firm cannot represent both simultaneously and remain disinterested as required under Section 327(a).

7. Representation as debtors' counsel in bankruptcy proceedings is governed by Section 327(a) of the Bankruptcy Code. According to 11 U.S.C. § 327(a) the Debtors may employ professionals that "do not hold or represent an interest adverse to the estate, and that are disinterested persons." *11 U.S.C. § 327(a).*

8. Section 327(a) appears to impose two requirements on a trustee or debtor in possession seeking to employ counsel: (i) that the attorney does not hold or represent an interest adverse to the estate, and (ii) that the attorney is disinterested. Thus, the First Circuit has noted that "the twin requirements of disinterestedness and lack of adversity telescope into a single hallmark." *In re Martin, 817 F.2d 175, 181 (1st Cir. 1987); see also In re BH & P, Inc., 949 F.2d 1300, 1314*

*(3d Cir. 1991)*. However, neither of the aforementioned two prongs are well-defined nor does there appear to be any golden rule to determine whether an impermissible conflict exists. Instead, courts may focus on the individual facts of each case when faced with a conflict.

9. Therefore, there is no bright line test or per se rule in this analysis, and the Court has considerable discretion. *See In re Marvel Entm't Group, Inc., 140 F.3d 463, 477 (3d Cir. 1998)* (rejecting "bright-line rule"; § 327(a) "gives the district court wide discretion in deciding whether to approve the appointment of a law firm with a potential conflict"); *In re Jartran, Inc., 78 B.R. 524, 525 (Bankr. N.D. Ill. 1987)* ("[T]o rule blindly in [objector's] favor without considering the factual and economic realities of this case would result in a disqualification based on speculation, a precept previously frowned upon.").

10. Courts generally evaluate each circumstance on a case-by-case basis, adopting a wide-screen view of the facts underlying a hypothetical conflict. Considerations include the nature of disclosure of the conflict made at the time of appointment; whether the interests of the related estates are parallel or conflicting; and the nature of the inter-debtor claims made. *In re BH & P Inc., 949 F.2d 1300, 1316 (3d Cir. 1991)*. Other factors may include the existence of interlocking interests between the parties; the size of the debt at issue; the existence of inter-party guarantees; and whether assets are collateralized discretely or across various asset categories. *In re Amdura Corp., 121 B.R. 862, 867 (Bankr. D. Colo. 1990)*.

11. In general, courts favor the totality approach over an alternative method which distinguishes between actual and potential conflicts. This is because the difference between present and hypothetical conflicts may be semantic as well as problematic to apply in real-time. *See In re Angelika Films 57th, 227 B.R. 29, 39 (Bankr. S.D.N.Y. 1998)* ("The distinction between 'potential' and 'hypothetical' conflicts merely confuses the analysis, and several courts have rejected it as

artificial."); *In re Kendavis Indus. Int'l, Inc.*, 91 B.R. 742 (Bankr. N.D. Tex. 1988) (finding that the concept of potential conflicts is a contradiction; once there is a conflict, it is actual, not potential). These courts instead focus on the facts of each case to determine whether an attorney has an adverse interest without limiting labels. *See, e.g., In re Leslie Fay Cos.*, 175 B.R. 525, 532-33 *(Bankr. S.D.N.Y. 1994)* (rejecting the actual/potential dichotomy and observing that courts should focus on the facts of a case when reviewing retention applications).

12.    However, some courts still utilize the actual/potential paradigm, and it may be necessary to frame your argument in these terms. *See In re Jade Mgmt. Serv.*, No. 09-2800, 2010 U.S. App. LEXIS 14125 (3d Cir. May 4, 2010) (focus of inquiry is whether there is an actual conflict of interest); *In re McKinney Ranch Assocs.*, 62 B.R. 249, 255 (Bankr. C.D. Cal. 1986) (remote potential conflict should not result in disqualification). Additionally, other opinions appear to discuss both models in their opinions and/or to conflate the two standards. See In re Hoffman, 53 B.R. 564, 566 (Bankr. W.D. Ark. 1985) ("Whether ... an actual disqualifying conflict exists must be considered in light of the particular facts of each case."). Accordingly, it is prudent to the individual holdings of the judge and potentially present arguments under both paradigms when making a case for simultaneous representation.

13.    Further, with the increasing size and complexity of reorganization cases, the most efficient and effective way of administering multiple-debtor cases may be the use of a single law firm, professional or coordinated group of professionals. *In re BH & P Inc.*, 949 F.2d 1300, 1310 *(3d Cir. 1991)*. Thus, to conserve estate assets, courts will permit multiple-debtor representation but also evaluate the facts surrounding the representation to protect the integrity of the bankruptcy process. *In re Global Marine, Inc.*, 108 B.R. 998 (Bankr. D. Tex. 1987) (counsel permitted to represent debtor and its subsidiaries in consolidated chapter 11 case where debtors functioned as

one enterprise that operated for the benefit of the whole, and where, during the course of counsel's representation of debtors, there existed a unity of interest and singleness of purpose on debtors' part).

14. Even when there are inter-company debts, it is standard practice to allow multi-debtor representation such that estate assets may be conserved. *See, e.g., In re Int'l Oil Co., 427 F.2d 186, 187 (2d Cir. 1970)* (the existence of intercompany claims by itself was not a basis "to saddle these estates with the expense of separate trustees and trustees' attorneys"); In re O.P.M. Leasing Serv., Inc., 16 B.R. 932 (Bankr. S.D.N.Y. 1982) (declining to remove trustee from stewardship of consolidated bankruptcy proceedings of debtors despite existence of an inter-debtor claim as the case was a well-progressed, complex bankruptcy proceeding where disclosure of potential conflicts had been made at the time of appointment without objection, and it appeared that defendants' later removal motion was a litigation tactic).

15. In re Jade Mgmt. Serv., No. 09-2800, 2010 U.S. App. LEXIS 14125 (3d Cir. May 4, 2010) Debtor's Counsel also represented the debtor's sole shareholder. The counsel was permitted to simultaneously represent debtor and debtor's sole shareholder who had guaranteed the debtor's secured debt, where it appeared substantially certain that all secured claims would be satisfied in full.

16. Thus, there are no per se rules as to when simultaneous representation is forbidden. Instead, courts generally consider the totality of the circumstances, including the relationship between the parties, the extent of any interactions and the size of any debts at issue.

17. Further, when the law firm agrees to represent a client in a particular matter, it may ethically request that the client waive future conflict to allow the law firm to bring adverse litigation on behalf of another current client, if (a) the law firm appropriately discloses the

implications, advantages, and the risks involved and if the client can make an informed decision whether to consent; and (b) a disinterested lawyer would believe that the lawyer can completely represent the interests of all affected clients. *See DR 5-105(C) of New York Lawyer's Code of Professional Responsibility.*

18. Thus, in the situations covered by DR 5-105 [1200.24] (A) and (B), a lawyer may represent multiple clients if a disinterested lawyer would believe that the lawyer can competently represent the interest of each and if each consents to the representation after full disclosure of the implications of the simultaneous representation and the advantages and risks involved.

19. Finally, any effort to disqualify a debtor's chosen counsel is serious business. A debtor's choice of counsel is entitled to substantial deference under section 327(a). *See In re Huntco Inc., 288 B.R. 229, 232 (Bankr. E.D. Mo. 2002)* ("A bankruptcy court, however, should give the debtor in possession significant deference in its selection of counsel to represent it under § 327(a).").

20. In the instant case, it was the Debtor's legitimate and fully informed decision to retain the Law offices of Alla Kachan P.C. as an attorney for the Debtor. Furthermore, the Counsel for the Debtor, Alla Kachan Esq, has fully disclosed all potential conflicts that may exist in law due to the simultaneous representation of Gaetano Balzano. Furthermore, a Supplemental Retainer Declaration, containing all of the necessary acknowledgements of the existence of potential conflicts, and the necessary disqualification from representation in both cases should a conflict arise, was executed by Gaetano Balzano and the Debtor and was Filed with the Court on May 25, 2022. *See ECF Doc. No. 25.*

21. Furthermore, the interests of the Debtor and Mr. Balzano are uniquely aligned in this case, as the settlement with PACA creditors in the case, pending approval with the court, seeks

personal releases of Mr. Balzano, as well as the Debtor. Further, the Debtor will fund both the settlement with the PACA Trust creditors, as well as a settlement with the two remaining creditors holding personal guarantees of Mr. Balzano.

22.     Further, the Law Offices of Alla Kachan P.C. have successfully resolved numerous cases with simultaneous representation corporation and its principal and/or shareholders and are therefore knowledgeable and particularly qualified. Thus, the simultaneous representation of Debtor and Gaetano Balzano is ultimate beneficial for successful resolution of their debt.

23.     Therefore, it is the Debtor's position, that for all of the reasons outlined above, retaining the Law offices of Alla Kachan P.C. as counsel for the Debtor will impart a much greater ultimate benefit to the bankruptcy estate than the potential conflict that may in theory arise out of the dual representation.

**WHEREFORE**, for all of the foregoing reasons, the objection of the US Trustee, should be denied in its' entirety and the retention of the Law offices of Alla Kachan P.C. should be approved; and for any such further relief this Court deem just.

Dated: Brooklyn, New York
June 7, 2022

LAW OFFICES OF ALLA KACHAN, P.C.
By: */s/ Alla Kachan*
Alla Kachan, Esq.
2799 Coney Island Avenue, Ste 202
Brooklyn, NY 11235
Tel.: (718) 513-3145
Fax: (347) 342-3156
alla@kachanlaw.com